[L. A. No. 26265.   In Bank.   Aug. 3, 1961.]

JOHN W. FILIPOFF et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; GEORGE PUTNAM et al., Real Parties in Interest.

Joseph W. Fairfield and Ethelyn F. Black, in pro. per., for Petitioners.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Phill Silver, in pro. per., for Real Parties in Interest.

PETERS, J.—Petitioner Filipoff (hereinafter referred to as the petitioner) seeks mandate to compel the respondent court to vacate one order and to make another in connection with certain discovery procedures.

Petitioner sued KTTV, Inc. (the owner and operator of radio station KTTV), and George Putnam (a broadcaster who with his attorney Phill Silver are the real parties in interest herein) for libel, based on certain statements made in discussing petitioner's activities in conducting the affairs of a trade union of which petitioner was an official. As one of his affirmative defenses Putnam pleaded reliance on reliable sources. This defense, of course, raised an issue as to such source material. Petitioner proposed several interrogatories in reply to which Putnam named several persons who had contributed the information on which the alleged libel was founded, and also stated that he had made notes and memoranda of his conversations with those informants. Petitioner then made a motion, under section 2031 of the Code of Civil Procedure, for an order authorizing inspection of those notes and memoranda. In opposition to that motion Putnam first obtained an order of the court authorizing him to dismiss his special defense, after which he argued that the notes and memoranda were no longer admissible evidence. The motion for inspection was then denied on the authority of *Twin Lock* v. *Superior Court*, 171 Cal.App.2d 236[1] [340 P.2d 748]. At that time the rules announced in the *Twin Lock* case justified the denial of the motion to inspect documents because it had held that inspection was not permissible unless the documents involved would be admissible on the trial of the action. Apparently for this reason, petitioner took no steps to review the order denying inspection. Instead, he noticed the deposition of Putnam, under the provisions of sections 2016 et seq. of the Code of Civil Procedure, and obtained and served a subpoena duces tecum under the provisions of section 1985 of that code, requiring Putnam to bring with him and produce at the deposition the notes and memoranda in question. The propriety of such procedure could not be questioned under the *Twin Lock* rule, as it then existed, for the reason that such rule was predicated on an assumed distinction between the facts constituting good cause for inspection and those governing deposition. No motion was made to quash that subpoena or to otherwise test its validity, nor was any motion made under the provisions of subdivision (b)(1) of section 2019 to limit the scope of the deposition. At the deposition, Putnam testified that he had brought the material with him, and that

[1]Disapproved in *Greyhound Corp.* v. *Superior Court, ante,* p. 355, at p. 395 [15 Cal.Rptr. 90, 364 P.2d 266], this day decided.

it was all in the possession of his attorney (Mr. Silver) who was then present and representing him. In reply to several other questions, Putnam testified to a lack of memory, and stated that his recollection would be refreshed and that he would be able to give more complete answers if he had recourse to the notes and memoranda involved. Counsel for petitioner then, on several occasions, requested Mr. Silver to hand the documents to Putnam in order that the latter might refresh his memory and complete his answers to the questions previously propounded. On each such occasion Silver refused. In so refusing, he stated that, in his opinion, Putnam had fully complied with the subpoena duces tecum by causing the documents to be brought to the deposition, that he was under no compulsion to make them available for the reason that the trial court had previously made its order denying inspection of the very documents now requested, that under the current circumstances he would continue in such refusal unless and until the trial court ordered him to hand the documents to his client, but that he would change his attitude and voluntarily comply with the request if petitioner would enter into a stipulation reinstating Putnam's affirmative defense of reliance on reliable sources. He did not propose a recess or termination of the deposition, as provided by subdivision (d) of section 2019 for the purpose of referring the question to the trial court.[2] On the contrary, he merely continued in his refusal to produce the documents described in the subpoena, thus placing the burden of obtaining compliance on petitioner. Petitioner, then, noticed a motion for an order "directing the defendant George Putnam and his attorney, Phill Silver, to refer to certain notes, documents, papers and records in answering questions on the oral deposition of George Putnam and to permit counsel for . . . [petitioner] in interrogating the said George Putnam on his oral deposition to use and employ the said notes."[3] The transcript of the deposition was presented with the motion. On January 12, 1961, respondent made its order denying that motion together with its finding that the "motion was made without substantial justification within

---

[2]Subdivision (d) provides that the deponent or any party may, at any time during the taking of a deposition, move the court for an order terminating the deposition or limiting the scope or manner in which it is being taken. As a means of affording an opportunity to make such motion, it is provided that the deposition shall be suspended for that purpose on the demand of deponent or party.

[3]The motion itself is not included in the record. The quoted language is taken from the order of respondent court, which is included in the record.

the meaning of section 2034, subd. (a), Code Civ. Proc.," and the additional order that petitioner's attorneys pay Putnam the sum of $150 as the reasonable expenses incurred by him, including attorney's fees, which sum shall not be recoverable as costs. This is the order that is under attack in this proceeding. Petitioner seeks a writ requiring respondent to set aside the order in its entirety, and further requiring it to grant the motion as made.

The order of the trial court discloses the grounds upon which it was made. These may be summarized as follows: (1) the transcript of the deposition shows that Putnam has not failed to answer any question put to him, but on the contrary indicates that his counsel has simply refused to comply with a request to turn over certain documents to the witness; (2) section 2034 of the Code of Civil Procedure is necessarily limited to those cases in which "a party or other deponent refuses to answer any question propounded upon examination during the taking of a deposition"; (3) to obtain such an order the motion must direct the court to a specific refusal to answer; (4) the request that counsel for petitioner be permitted to interrogate Putnam from the latter's notes and memoranda is tantamount to a motion for inspection, which may only be made under the provisions of section 2031, and cannot be reached by recourse to section 2034.

This reasoning is unsound. ▆▆▆▆ In the first place, it was erroneous to assume that petitioner's motion was made exclusively under that portion of section 2034 which refers to the refusal to answer questions.[4] From the language of the trial court's order it would appear that the motion was for an order directing Putnam and his attorney to refer to the designated documents in order to fully answer certain questions. Such a request may have been made under provisions of sections 1985 et seq. of the Code of Civil Procedure, or under the provisions of subdivision (b) of section 2034. Sections 1985 and 1986 authorize the issuance of a subpoena duces tecum, as was issued herein, requiring a witness to

[4]Section 2034 provides the consequences for refusing discovery. It is applicable to all of the various vehicles of discovery. Subdivision (a) in West's Annotated Codes, entitled "Refusal to answer," provides for a motion to compel answer when such is refused either on deposition or on interrogatories propounded under section 2030. Subdivision (b) in West's Annotated Codes, entitled "Refusal to obey subpoena or order; contempt," deals with the consequences of refusal "of any person to obey a subpoena issued by [the] court to attend a deposition. . . ." Other subdivisions refer to matters not pertinent here.

bring with him described books, or documents or other things under his control. Prior to 1959, section 1991 provided the method of enforcing compliance or punishing refusal. By its terms, punishment could not be predicated on a refusal until the court had first ordered the witness to comply. In 1959 the Legislature added sections 1991.1 and 1991.2 providing, respectively, that disobedience of a subpoena requiring attendance as a witness at a deposition might be punished as a contempt without the necessity of a prior court order directing compliance, and that the provisions of section 2034 shall thereafter apply to any act or omission connected with a deposition, in lieu of the provisions of section 1991. ■ Section 1992, which was not affected by the 1959 amendment, provides certain ''forfeitures'' from a witness who fails to obey a subpoena. To avail himself of the benefits of this section, a party must first, in some manner bring the alleged disobedience of the witness to the attention of the trial court. A motion requiring the witness to comply with the terms of the subpoena is appropriate for this purpose. ■ Therefore, in the present case petitioner's motion to compel production of the designated documents may have been made under section 1992.

■ Even if petitioner was not proceeding under section 1992, and was proceeding under section 2034, the record shows that at no time did petitioner request an order requiring the witness to answer a specific question. Petitioner moved for an order requiring the witness and his attorney ''to refer to certain'' documents in answering the questions which had been propounded. Since the subpoena called for the production of those documents, the mere bringing of them to the deposition was not, in any real sense, ''production.'' ■ The refusal of Mr. Silver, who was the agent and attorney for the witness, to let the documents out of his possession, was tantamount to a refusal to produce, and thus came within the purview of subdivision (b) of section 2034 which deals with the refusal to obey a subpoena. ■ Although section 2034 sets forth all the penalties that may be imposed for refusal to obey the terms of a subpoena, it does not prescribe the mechanics of bringing the matter to the attention of the trial court, which obviously must be done before the court can prescribe the alternative sanctions or penalties therein provided. The method of enforcing subdivision (b) of section 2034 is to be found in other provisions of the Discovery Act.

■ Subdivision (d) of section 2019 provides that at any time during the taking of a deposition any party or the de-

ponent may recess the deposition in order to move the trial court for relief from the manner in which the examination is being conducted, including bad faith, and other forms of annoyance or oppression. This petitioner did. The deposition shows that it was not completed, but was adjourned until a subsequent date to be agreed upon by counsel. It was, therefore, improper for the respondent court to assume that petitioner's motion was brought solely to obtain an order to require the witness to answer a specific question or questions.

██ Even if petitioner's motion was made under subdivision (a) of section 2034, as assumed by the trial court, its reasons given for the denial were erroneous. That denial was expressly based on the fact that petitioner had pointed to no unanswered question that the court could order the witness to answer. While it is true that all questions were ''answered,'' the answers were subject to the limitation expressed by the witness that he could not recall the full facts, that he could answer more fully if his memory were refreshed by the notes called for in the subpoena duces tecum, and that he refused to so refresh his memory by looking at those notes which were present in the possession of his attorney. Certainly, the fact that the refusal came from the lips of his attorney rather than from the witness is not basis for holding that the witness need not comply. Not only was the attorney his agent, but that attorney had foreclosed compliance by his client, by stating, in advance, that he would not allow his client to comply with the request unless he was so ordered by the court. To accept such a reason for the refusal to grant discovery would be to violate a basic purpose of the discovery statutes, which is to ascertain the facts and to take the ''game'' out of litigation. (See *Greyhound Corp.* v. *Superior Court,* filed this day, *supra, ante,* p. 355, and *Chronicle Pub. Co.* v. *Superior Court,* 54 Cal.2d 548, 561, 572 [7 Cal.Rptr. 109, 354 P.2d 637].) It follows that, insofar as the reasons stated in the trial court's order are concerned, they are unsound, and that petitioner was entitled to an order directing the witness to produce the documents called for in the subpoena. Once having produced them the witness could be required to refresh his memory from them. This is so because he admitted that he needed such aid in order to fully answer the questions put to him. Certainly, if this situation developed at the time of trial, there would be no doubt that the trial judge would order the witness to so refresh his recollection. Subdivision (c) of section

2016 provides that the examination of the witness on deposition may proceed as at trial.

Both the real parties and respondent court (each having made return to the alternative writ herein) suggest that other reasons exist for the denial of the motion, even though these reasons do not appear in the order as made by the trial court. Inasmuch as the trial court's order will be sustained if proper grounds existed therefor, regardless of the reasons stated by the trial judge, grounds which are now suggested as cause for denial must be examined. In reliance on the fact that the witness had dismissed his affirmative defense of reliance on reliable sources, it is urged that the notes of his conversations with those sources were inadmissible in evidence, and hence not subject to inspection. (Such claim is based on the *Twin Lock* rule which, as stated above, has since been overruled.) ■ It is then argued that production at a deposition, even for the limited purpose of refreshing the memory of the witness, is tantamount to inspection, and therefore must be denied. This reasoning is unsound. Not only would these notes obviously be admissible on cross-examination for impeachment purposes, but admissibility is not a proper test. ■ Relevancy to the subject matter is the sole test for the production of unprivileged matter. (*Greyhound Corp.* v. *Superior Court, supra, ante,* p. 355.) There is no claim of privilege made herein. The relevancy of the material is sufficiently shown by the witness' statement that the memoranda were necessary to refresh his memory in order to enable him to answer relevant questions in full.

■ It should also be pointed out that the real parties in interest failed to proceed as provided by the statutes. The petitioner had obtained a subpoena duces tecum requiring the witness to produce the documents at his deposition. That subpoena was an order of court, and failure to produce, without first obtaining relief, constituted disobedience. The real parties had open to them three distinct methods of seeking any relief to which they may have been entitled. When the subpoena was served they could have moved to quash the portion relating to the production of the documents on any ground which they believed entitled them to such relief. Or, when the notice of taking the deposition was served, they could have moved under subdivision (b) of section 2019, if they believed they were so entitled, for an order limiting the deposition. Or, at the deposition, when petitioner demanded production of the documents listed in the subpoena, they could have demanded an adjourn-

ment for the purpose of seeking an order under subdivision (d) of section 2019, so that the trial court could have then determined the propriety of enforcing the provisions of the subpoena. They took none of these steps. Rather, they elected a form of self-help, and in this fashion disregarded the clear provisions of a regularly issued court order. Under these circumstances petitioner was entitled to an order requiring them to comply with the provisions of the subpoena.

It has also been suggested that in some way the order denying inspection of the documents, whether that order was right or wrong, estops petitioner from seeking the relief here involved under the doctrine of the law of the case. This contention would be correct if petitioner were directly or collaterally attempting to attack the inspection order. But he is not. The inspection order in no way involved petitioner's right to have the documents produced on a deposition. It involved solely the right of petitioner to inspect. Although that order is not included in the record herein, it is clear that such order was based on the holding that inspection was not permissible because the documents were not admissible in evidence. As already pointed out, the present motion merely seeks the production of the documents at deposition, and does not seek the admissibility of the documents. Hence, even if the inspection order was correctly denied, such ruling has no legal effect on the present proceeding.

The final provision of the order under review requires petitioner's counsel to pay costs and attorney fees to the real parties on the ground that the motion was brought without substantial justification. If the finding were proper, the court had full power to make such an order (Code Civ. Proc., § 2019, subd. (b)(1) and subd. (d); Code Civ. Proc., § 2034, subd. (b)). But the finding that there was no substantial justification for the motion is without basis, for the reasons herein stated. This removes the only basis for such order, and it must be set aside.

It is ordered that a peremptory writ of mandate issue requiring the respondent court to set aside its order of January 12, 1961, and to enter its order requiring the real parties in interest to submit the documents in question to the witness Putnam for the purpose of refreshing his recollection at such time as his deposition shall be continued.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., White, J., and Dooling, J., concurred.