[L. A. No. 26708. In Bank. July 19, 1962.]

SYLVIA G. BEESLEY, a Minor, etc., Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; JACK TALASHEK, Real Party in Interest.

206

Sankary, Sankary & Horn and David Horn for Petitioner.

No appearance for Respondent.

Luce, Forward, Hamilton & Scripps, H. R. Hollywood, Arvin H. Brown, Jr., and Henry F. Walker for Real Party in Interest.

PETERS, J.—The respondent court denied petitioner's motion for inspection of written statements obtained by the real party in interest from two independent witnesses. Peti-

tioner seeks mandate to compel such inspection. The sole question presented is whether, under the record, the facts presented by petitioner to the trial court (the real party in interest having presented none) constituted, as a matter of law, a showing of good cause. In other words, did the trial court, under the facts, abuse its discretion in denying discovery? ■■■ Of course, if petitioner failed to show good cause, or if there is any reasonable doubt on that question, the respondent court had the power, in its discretion, to deny the motion (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 380 [15 Cal.Rptr. 90, 364 P.2d 266]).

■■■ The facts shown by the record are relatively simple. Petitioner, a minor, 4 years old on the date of her accident (and now proceeding through her guardian *ad litem*) is the plaintiff, and Jack Talashek (the real party in interest) is the defendant in an action for damages for personal injuries alleged to have been sustained when the minor was struck by defendant's automobile. Shortly after the accident, an adjuster representing defendant's insurance carrier, obtained written statements from two eyewitnesses to the accident. Subsequently, plaintiff's attorney interviewed the same witnesses. Each of them gave him an oral statement of the events of the accident as then recalled by her, and each advised him of the fact of her previous written statement given to defendant's adjuster. Each stated that she had given the adjuster an oral statement which the latter reduced to writing, and which the witness had then signed. Neither had been given a copy of such statement, and each denied, according to petitioner's attorney, recollection of what was contained in their respective statements.[1]

In support of her motion for inspection of the witnesses' prior written statements, plaintiff relied on the provisions of section 2031 of the Code of Civil Procedure (providing for inspection of documents and other things in the possession or control of the adversary), and upon three declarations filed with the motion. Those declarations (by plaintiff's attorney and each of the independent witnesses) set forth substantially the facts above set forth. In her points and authorities, also

---

[1] It should be noted that this fact (that the witnesses did not recall what was contained in the statements signed by them) appears in the declaration filed by plaintiff's attorney in support of the motion for inspection. Defendant *now* contends that this was not sufficient proof of the fact. However, defendant offered no rebuttal of that fact in the trial court.

filed in the trial court, plaintiff averred her need for inspection (good cause) in the following language: "In the instant case plaintiff wants to inspect the written statements to guard against surprise and to expedite and facilitate preparation for trial. For example, plaintiff may produce the two witnesses and expect them to testify to the same facts previously given in their oral statement[s]. If such witnesses have made inconsistent statements in their written statements signed by them with the insurance adjuster, clearly such would constitute surprise, which is the exact thing the discovery statutes were intended to safeguard against."

So far as the record shows, the defendant did not present to the trial court any factual matter in rebuttal of plaintiff's showing, contenting himself with the legal argument that plaintiff's showing did not constitute good cause for inspection. Since neither party has furnished us with a copy of the order by which the respondent court denied the motion, it may be assumed that the order was predicated upon plaintiff's alleged failure to show good cause. Defendant has at no time assigned any other ground for denial.

In *Greyhound* (*supra*, 56 Cal.2d 355) it was held that written statements of independent witnesses are subject to inspection when good cause (i.e., the need for the same) is shown. There the good cause consisted principally of the facts that plaintiffs were physically unable to obtain statements from the witnesses at the scene of the accident, that defendants obtained such statements, and that immediately thereafter those witnesses became widely scattered. Here good cause was shown in the fact that the witnesses, although available to plaintiff's attorney, are unable to recollect what is contained in the written statements previously given to the adversary. No rebuttal was offered to this factual showing of need. Thus, there was no disputed fact before the trial court. There was, therefore, no room for the respondent court to exercise any discretion. In *Greyhound* it was pointed out (at p. 383) that discretion is not exercised by simply granting or denying discovery, but must be predicated upon certain factors therein set forth. (See also *Singer* v. *Superior Court*, 54 Cal.2d 318, 327 [5 Cal.Rptr. 697, 353 P.2d 305].) None of those factors were present here. Hence, there was no room for the exercise of discretion. It was pointed out in *Greyhound*, that the legislative purposes in enacting the discovery statutes are not to be subverted under the guise of an exercise of discretion. Elimination of surprise, preparation

for examination and cross-examination, prevention of perjury, and ascertainment of the truth (all present here) are among such legislative purposes.

Since plaintiff showed sufficient facts to bring the desired inspection within the declared purposes of the discovery act, she sustained the burden of showing good cause. Since defendant has limited his opposition to the proposition that no good cause was shown, and failed to advance any other reason why inspection should be denied, it must be held that there was but a single possible interpretation of the facts, on which the respondent court had no discretion to act other than to grant the motion for inspection.

It is therefore ordered that a peremptory writ of mandate issue requiring the respondent court to vacate its order denying petitioner's motion for inspection, and to issue its new and further order granting such motion subject to such limitations or restrictions as that court, in the exercise of its discretion shall find to be consistent with justice and the purposes of the discovery statutes. The alternative writ is discharged.

Gibson, C. J., Traynor, J., Schauer, J., and White, J., concurred.

McComb, J.—I dissent. I would deny the writ.