[L. A. No. 29186. In Bank. Jan. 20, 1967.]

ASSOCIATED BREWERS DISTRIBUTING COMPANY, INC., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOS. SCHLITZ BREWING COMPANY, Real Party in Interest.

584

Rosenfeld, Meyer & Susman and Peter R. Cohen for Petitioner.

No appearance for Respondent.

J. E. Simpson and Francis H. Parson for Real Party in Interest.

TRAYNOR, C. J.—On January 29, 1963, Jos. Schlitz Brewing Company brought an action against Associated Brewers Distributing Company to recover $97,643.96 plus interest, the amount it claimed Associated was indebted to it for goods sold and delivered in February and March 1962 under two written distribution agreements dated September 20, 1956. Associated answered and admitted that it had received the goods and had not paid for them, but it alleged by way of counterclaim that it had a setoff for Schlitz' breach of an oral distribution agreement entered into ''before, on and continuously after'' the execution of the written agreements. Associated alleged that Schlitz orally agreed not to terminate the distributorship without notice and reasonable cause, to inform Associated of the cause for any proposed termination, and to allow it sufficient time to correct any such cause. Associated finally alleged that Schlitz terminated the distributorship on two weeks' notice without cause.

Schlitz demurred to the counterclaim on the ground that proof of the alleged oral agreement was barred by the parol evidence rule. Its demurrer was overruled.

Through the use of interrogatories Associated learned that there were 26 documents in Schlitz' possession relating to Associated's carrying out or failing to carry out Schlitz' distribution recommendations including inter-office reports on the subject of termination. Associated moved for production and inspection of the documents alleging that it had ''good cause'' to support its motion. (Code Civ. Proc., §§ 2031, subd. (a), 2036, subd. (a).) On August 31, 1966, the trial court denied the motion. On September 15, 1966, the Court of Appeal denied Associated's petition for writ of mandate. Thereafter we granted Associated's petition for hearing and issued an alternative writ of mandate to consider a question of first impression, the meaning of the ''good cause'' requirement of section 2036 of the Code of Civil Procedure, and to lay down guidelines for future cases. (See *Oceanside Union School Dist.* v. *Superior Court,* 58 Cal.2d 180, 185, fn. 4 [2 Cal.Rptr. 375, 373 P.2d 439].)

Schlitz opposes the motion for production and inspection on the ground that the parol evidence rule bars proof of an oral agreement. The trial court overruled this contention on demurrer, and it did not deny discovery on the basis of the parol evidence rule. In determining whether there was good

cause for discovery, the trial court could have reconsidered its ruling on demurrer, but its refusal to do so was not an abuse of discretion. Had the court indicated a change of position in this respect, Associated might have amended its counterclaim to correct any claimed deficiency. It would unduly burden the review of discovery orders in mandate proceedings to consider the sufficiency of pleadings that have been sustained in the trial court. Accordingly, we conclude that the sufficiency of the counterclaim is not properly before us in this proceeding.

Schlitz contends that Associated has not shown "good cause" under section 2036 of the Code of Civil Procedure. Section 2036, subdivision (a), provides: "A party required to show 'good cause' to obtain discovery . . . shall show specific facts justifying discovery and mere proof of the relevance of the information sought to the subject matter of the action shall not be sufficient." It is contended that this section requires the moving party to show that the documents are admissible in evidence.

Before section 2036 was enacted we held in *Greyhound Corp.* v. *Superior Court*, 56 Cal.2d 355, 388 [15 Cal.Rptr. 90, 364 P.2d 266], that "the good cause which must be shown should be such that it will satisfy an impartial tribunal that the request may be granted without abuse of the inherent rights of the adversary." The trial court had discretion to determine that relevance to the subject matter alone constituted good cause. ▮ The history of section 2036 indicates that the legislative purpose was to prevent abuse of discovery by requiring the moving party to show that the documents sought to be produced for inspection will aid in his case.[1] (See Code Civ. Proc., § 2019, subd. (d).) The Legislature did not provide that the documents must be admissible in evidence,[2] but only that the trial court be afforded the factual data necessary to make an informed ruling on the issues of

---

[1] The most restrictive language proposed provided that the moving party must show by specific facts "that it is reasonably necessary to have such matters in preparation for trial or other hearing." (Senate Bill No. 24 as amended April 23, 1963.)

[2] In New York the requirement that matters sought to be discovered must be "evidence material and necessary" has not been interpreted to mean that the evidence must be admissible. (C.P.L.R., § 3101(a); *Avila Fabrics, Inc.* v. *152 West 36th St. Corp.*, 22 App.Div.2d 238, 241 [254 N.Y.S.2d 609, 612] (1st Dept. 1964); see also Louisell, Modern California Discovery, p. 187.)

good cause. ██ It left to the courts the determination of what specific facts in addition to a showing "of relevance of the information sought to the subject matter of the action" should be required to show "good cause." (See Louisell, Modern California Discovery, p. 188.) The court's determination necessarily depends on the facts and issues of the particular case. (See, e.g., *Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d 355; *Suezaki* v. *Superior Court,* 58 Cal.2d 166 [23 Cal.Rptr. 368, 373 P.2d 432, 95 A.L.R.2d 1073]; *Beesley* v. *Superior Court,* 58 Cal.2d 205 [23 Cal.Rptr. 390, 373 P.2d 454].)

Schlitz contends that to obtain documents the moving party must show not only that the documents are relevant to the subject matter of the action but that they are material to the issues in the case. (See Code Civ. Proc., § 1985.) It argues that the standards for obtaining documents should be the same whether they are sought by a motion to produce under section 2031 or by a subpoena duces tecum under section 1985 and that therefore the more restrictive requirement of materiality to the issues should govern. Although it has been held that relevancy to the subject matter is a broader concept than materiality to the issues (*Flora Crane Service, Inc.* v. *Superior Court,* 234 Cal.App.2d 767, 785-789 [45 Cal.Rptr. 79]; see *Pettie* v. *Superior Court,* 178 Cal.App.2d 680, 687 [3 Cal.Rptr. 267]), it is unnecessary to determine the distinction between these standards in this case. Associated has met them both. ██ When the "subpoena power is invoked to secure discovery, the good cause and materiality requirements of Code of Civil Procedure section 1985 must be governed by discovery standards." (*Shively* v. *Stewart, ante,* pp. 475, 581 [55 Cal.Rptr. 217, 421 P.2d 65].) ██ The objective is not merely the discovery of admissible evidence, but also effective preparation for trial. ██ Accordingly, whether discovery is sought by motion under section 2031 or by subpoena under section 1985, it is not necessary to show that the material sought will be admissible in evidence. (*Filipoff* v. *Superior Court,* 56 Cal.2d 443, 449 [15 Cal.Rptr. 139, 364 P.2d 315].)

██ In the present case Associated must prove at the trial the existence of the oral agreement and termination of the oral agreement without cause. It contends that all the documents sought to be inspected would show Schlitz' version of

the facts supporting the contention that Schlitz had cause to. terminate the distributorship and that certain of the documents would indicate the exact grounds that Schlitz used to terminate the distributorship and might also show that Schlitz terminated the distributorship for reasons unrelated to cause. Associated further states that all or some of the documents might contain admissions that it had corrected any alleged. deficiencies in its distribution organization and that some of. the documents might contain evidence that could be used to. impeach Schlitz' witnesses at trial. The documents sought are thus relevant to the subject matter and material to the issues, and the showing made by Associated could not be more detailed without an inspection of the documents. Schlitz does not contend that discovery of the documents will not aid in the preparation of Associated's case, and it has made no show-- ing that the request for inspection was made in bad faith. (See Code Civ. Proc., § 2019, subd. (d).) Accordingly, Associated has established good cause for the production of the documents for inspection.

The trial court held, however, that since all the documents referred to Associated's conduct, it did not need the information to prepare its case. Schlitz contends that the court's ruling was within its discretion and that therefore mandate will not lie. The reason given by the court for denial was not responsive to the reasons justifying discovery given by Associated. The objective of discovery to prevent surprise at trial and to allow proper preparation would be defeated by· denial. (See *Chronicle Publishing Co.* v. *Superior Court,* 54. Cal.2d 548, 561. [7 Cal.Rptr. 109, 354 P.2d 637].) Thus the superior court's denial cannot be sustained.

Schlitz contends that certain of the documents are correspondence between Schlitz and Associated, not Schlitz' reports or interoffice memoranda, and that Associated has the original correspondence. These items cannot be obtained without a further showing by Associated that it does not have. them or does not have access to them. It is also contended that certain documents are cumulative in content since their substance was stated in answers to interrogatories. Since the trial court denied discovery of all of the documents on erroneous grounds it did not consider Schlitz' contentions with respect to specific documents. These contentions should be presented to the trial court for determination. (Code Civ. Proc., § 2036, subd. (b).)

Let a peremptory writ of mandate issue requiring respondent superior court to set aside its order denying production and inspection of the documents requested and to reconsider Schlitz' objections to specific documents in accordance with the views herein expressed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.