[Civ. No. 835.   Fifth Dist.   June 27, 1967.]

JOHN L. CHRISTY, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; MAZZIE FARMS, INC., Real Party in Interest.

Mack, Bianco & Means and H. C. Mack, Jr., for Petitioner.

No appearance for Respondent.

King, Eyherabide, Cooney & Owen, Roderick S. Cooney and Robert Anspach for Real Party in Interest.

CONLEY, P. J.—This proceeding in mandamus seeks to secure an inspection, and copies, of statements made by the

70

mother and father of Ronald Lee Christy, a minor of the age of three years, who is plaintiff in an action against Mazzie Farms, Inc. and others (Kern County Superior Court No. 98709) ; these statements are alleged to have been made by Mr. and Mrs. Christy to an insurance investigator, who said that he was acting for the farm owners. In a tenant house occupied by the Christy family, there had been a severe explosion, allegedly damaging the child to the extent of $150,000.

In the declaration of John L. Christy supporting the discovery motion, it was said : ''That on said day an explosion of butane gas occurred in said house, severely injuring plaintiff. That declarant was in the house at the time of the explosion, as was his wife, Donna Christy. That shortly after said explosion the written statement of declarant and of his wife concerning the knowledge of declarant and of his wife of the explosion and surrounding circumstances was taken by an insurance adjuster working for defendant Mazzie Farms, Inc. That said declarant was deeply concerned at that time as to the ultimate outcome of said child's injuries and mentally upset; that declarant cannot remember the contents of said declaration, needs to refresh his memory as to what was stated therein, and will be a witness for his son at the trial of this case as to the facts and circumstances of said accident.

That no copy of said statement was given to declarant then or at any time; that said person taking the said statement said he was acting for the farm owners, and he kept said statement and took it with him. . . .

''That said statement is in the possession of Mazzie Farms, Inc., a corporation, or under its direction or control.''

Mrs. Christy made a similar declaration, saying: ''. . . that said declarant does not have a copy of her statement and never has had one and does not know of the contents thereof and has forgotten what was in it, and needs to refresh her memory by rereading what was in said statement so that she can testify in this case.''

In a formal order, the trial court recites that the motion ''. . . to inspect and make copies of certain statements made by John L. Christy and Donna Christy came on regularly for hearing. . . ,'' and was denied, giving no reason for the ruling. However, in a minute order, in addition to the formal order, the court said : ''Motion for Inspection denied. The Statements are not of parties but merely witnesses. Although subject to inspection, are so subject only on showing of good cause. CCP 2036. I cannot find good cause in the showing

made." This viewpoint of the trial court is directly opposed to the holding of the Supreme Court on the subject. In the opinion written by Mr. Justice Peters in *Beesley* v. *Superior Court of San Diego County*, 58 Cal.2d 205, 206-207 [23 Cal. Rptr. 390, 373 P.2d 454], where the basic facts are identical with those in the present case, it is held that inspection of the writings should be granted. At the beginning, the opinion says: "The respondent court denied petitioner's motion for inspection of written statements obtained by the real party in interest from two independent witnesses. Petitioner seeks mandate to compel such inspection. The sole question presented is whether, under the record, the facts presented by petitioner to the trial court (the real party in interest having presented none) constituted, as a matter of law, a showing of good cause. In other words, did the trial court, under the facts, abuse its discretion in denying discovery? Of course, if petitioner failed to show good cause, or if there is any reasonable doubt on that question, the respondent court had the power, in its discretion, to deny the motion (*Greyhound Corp.* v. *Superior Court*, 56 Cal.2d 355, 380 [15 Cal.Rptr. 90, 364 P.2d 266])."

The plaintiff in that case was a four-year-old girl, who sued one Jack Talashek for personal injuries sustained when the minor was struck by defendant's automobile. An adjuster from defendant's insurance carrier obtained written statements from two independent eyewitnesses. Both of these women later told plaintiff's attorney that they had each given the adjuster an oral statement relative to the accident, which was reduced to writing and which each of them had then signed. No copy of either statement had been given to the witnesses, and their recollection of the contents had failed.

In the instant case, there was no evidence at the hearing of the motion, other than the two affidavits, and that fact is identical with the corresponding assumption in the *Beesley* case.

The *Beesley* opinion points out that in the case of *Greyhound Corp.* v. *Superior Court*, 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266], it was held that written statements of independent witnesses are subject to inspection when the need is shown. The court, in the *Beesley* opinion, at page 208, continues: "Here good cause was shown in the fact that the witnesses, although available to plaintiff's attorney, are unable to recollect what is contained in the written statements previously given to the adversary. No rebuttal was offered to

72

this factual showing of need. Thus, there was no disputed fact before the trial court. There was, therefore, no room for the respondent court to exercise any discretion. In *Greyhound* it was pointed out (at p. 383) that discretion is not exercised by simply granting or denying discovery, but must be predicated upon certain factors therein set forth. (See also *Singer* v. *Superior Court*, 54 Cal.2d 318, 327 [5 Cal.Rptr. 697, 353 P.2d 305].) None of those factors were present here. Hence, there was no room for the exercise of discretion. It was pointed out in *Greyhound*, that the legislative purposes in enacting the discovery statutes are not to be subverted under the guise of an exercise of discretion. Elimination of surprise, preparation for examination and cross-examination, prevention of perjury, and ascertainment of the truth (all present here) are among such legislative purposes.

"Since plaintiff showed sufficient facts to bring the desired inspection within the declared purposes of the discovery act, she sustained the burden of showing good cause. Since defendant has limited his opposition to the proposition that no good cause was shown, and failed to advance any other reason why inspection should be denied, it must be held that there was but a single possible interpretation of the facts, on which the respondent court had no discretion to act other than to grant the motion for inspection."

There is no question that good cause for discovery of this kind must be established by the moving party and that the trial court, if there is room for the exercise of discretion, may so act; in such circumstances, an appellate court will not interfere with the order of the lower court, unless there is an abuse of discretion. (*Greyhound Corp.* v *Superior Court, supra,* 56 Cal.2d 355, 373-374; *Suezaki* v. *Superior Court,* 58 Cal.2d 166, 171 [23 Cal.Rptr. 368, 373 P.2d 432, 95 A.L.R.2d 1073]; *Associated Brewers Distributing Co.* v. *Superior Court,* 65 Cal.2d 583, 587 [55 Cal.Rptr. 772, 422 P.2d 332]; *Rosen* v. *Superior Court,* 244 Cal.App.2d 586 [53 Cal.Rptr. 347]; *Dowell* v. *Superior Court,* 47 Cal.2d 483 [304 P.2d 1009]; *Clark* v. *Superior Court,* 177 Cal.App.2d 577 [2 Cal. Rptr. 375]; *Rosemont* v. *Superior Court,* 60 Cal.2d 709 [36 Cal.Rptr. 439, 388 P.2d 671].) But, in the instant case, there was no diversity in the evidentiary showing. There was nothing that would justify a court in employing discretion to deny an application of this kind. The facts in this case, as in the *Beesley* case, are such that there was no room for the exer-

cise of discretion. And the trial court was, therefore, guilty of abuse of discretion in denying the requested order.

It is ordered that a peremptory writ of mandate issue to require the trial court to set aside the order denying said requested discovery and to make a new order, permitting Mr. and Mrs. Christy, personally or through their attorney, to view the statements referred to in their petition and to make copies thereof.

Gargano, J., concurred.

Stone, J., deeming himself disqualified, did not participate.