[Civ. No. 1719. Fifth Dist. June 16, 1972.]

JAMES H. HENARD et al., Petitioners, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
SYNTEX CORPORATION et al., Real Parties in Interest.

COUNSEL

DiGiorgio, Davis, Hastin & Klein and Albert Hampton for Petitioners.

No appearance for Respondent.

McCormick, Barstow, Sheppard, Coyle & Best and Dudley W. Sheppard for Real Parties in Interest.

OPINION

GARGANO, J.—Petitioner Laraine Y. Henard and her husband, James H. Henard instituted an action in the Superior Court of Kern County against real parties in interest (Kern County Superior Court No. 107748) for damages resulting from the injuries Mrs. Henard allegedly incurred from the ingestion of oral contraceptive tablets. The complaint, inter alia, alleged that the drug, known as "Norinyl," was manufactured by real parties, that Mrs. Henard suffered a side effect from the use of the drug consisting of a thrombo-embolic disorder, and specifically a cerebral thrombosis; that prior to the accident real parties had researched the possible side effects and complications caused by the use of their oral contraceptive on the female body; that they knew or should have known that the drug had a propensity to cause a thrombo-embolic phenomena in some users, resulting in the coagulation of the blood and in various serious side effects such as thrombophlebitis, pulmonary embolisms, cerebral thrombosis, and death; that notwithstanding this knowledge, real parties prepared and distributed information on the drug which failed to alert the attention of practicing physicians and the general public to the side effects that could possibly occur from its use.

After issue was joined on the complaint, real parties furnished petitioners with copies of the drug reaction reports they had received from doctors who had prescribed "Norinyl" for their patients; however, the doctors were identified by their initials only. Then, petitioners, through service of interrogatories, requested real parties to specify the name and address of each doctor who prepared a drug reaction report and who was identified in the report by his initials only. Real parties refused, and petitioners moved the court for an order requiring them to answer. The motion was denied, and this proceeding in madamus followed.

Real parties do not, nor can they, seriously assert that the identity of the doctors who prepared the drug reaction reports are not discover-

able. In the superior court action petitioners seek punitive and compensatory damages, and it will be incumbent upon them to prove, not only, that the oral contraceptive Mrs. Henard ingested caused her injury but that it had the propensity to cause a thrombo-embolic phenomenon in some users and that real parties were aware of the propensity and failed to alert the members of the medical profession and the general public of the danger. To adequately prepare for trial, petitioners have the right to question the doctors in order to ascertain, among other things, whether (1) they had detected any patient symptoms not mentioned in the reports similar to those suffered by Mrs. Henard, (2) whether they furnished real parties with any pertinent information in addition to that set forth in their reports and (3) what, if any, warnings or cautionary instructions the doctors may have received from real parties on the use of the drug.

Section 2016 of the Code of Civil Procedure, which is a part of the California Discovery Act, specifically states that the deponent may be examined as to the identity and location of persons having knowledge of relevant facts. And because the main purpose of the Discovery Act is to assure effective preparation, to encourage settlements and to expedite litigation, the term "relevant" is liberally construed and means relevant to the subject matter of the lawsuit. (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]; *Associated Brewers Distr. Co.* v. *Superior Court,* 65 Cal.2d 583 [55 Cal.Rptr. 772, 422 P.2d 332].) Because it is highly possible that the doctors who prepared drug reaction reports on the drug "Norinyl" are in possession of information relevant to the subject of petitioners' lawsuit, their identities are discoverable under the Discovery Act of this state unless protected by some privilege or other statutory mandate.

Real parties contend that the drug reaction reports in question were prepared from confidential information acquired by the doctors from their patients and that the doctors' identities are protected from disclosure by the doctor-patient privilege established by section 992 of the Evidence Code. In this connection, real parties concede that they are not direct parties to the privilege, but they argue that because the doctors were not named in petitioners' lawsuit and because they were not represented at petitioners' motion, the doctor-patient privilege was properly invoked by real parties on the doctors' behalf.

There is no merit to this contention, even if we were to assume that the evaluation reports contained confidential information acquired by

the doctors from their patients to enable them to prescribe for the patient.[1] The confidential information has already been disclosed to petitioners and, if anything, it is the patient's identity, not the doctor's identity, that needs protection. However, it is conceivable that petitioners, if permitted to interview the doctors, will obtain information relevant to their lawsuit other than the names of the patients; what, if any, warnings or cautionary instructions the doctors may have received on the propensities of "Norinyl" to cause blood clots is a good example. It is also conceivable that some patients will not object to the disclosure of their identities; and for patients who wish to remain anonymous, the privilege can be effectively asserted by the doctor if and when he is interviewed.

While the argument that the doctor-patient privilege can be successfully invoked by a third party may be sound in cases where the disclosure of the privileged information necessarily destroys the privilege, it has no validity in a case where, as here, the privilege can be effectively asserted by those entitled to do so. To allow real parties to assert the doctor-patient privilege in this case subverts the very purpose of the California Discovery Act.

The remaining points in support of the trial court's order are equally without merit.

■ Real parties claim that the disclosure of the doctors' identities is prohibited by federal law. Real parties refer to the "Freedom of Information Act" which was passed in 1966, Public Law 89-487 (5 U.S.C.A. § 552), requiring that agencies of the federal government make information available to the public. While this act makes certain exceptions to the mandatory disclosure of such information the law obviously applies only to the affected agencies; it has no application to information voluntarily supplied by medical doctors to private companies.

■ Real parties assert that the disclosure of the doctors' identities under the facts of this case is against public policy because it will discourage members of the medical profession from voluntarily preparing drug evaluation reports for the public good; this argument is a plea for legislation and should be made to the legislative body.

■ Real parties allege that the trial court's denial of petitioners' motion was a discretionary act and cannot be disturbed by a reviewing court; the trial court's decision is predicated on a misconception of the law and cannot be permitted to stand.

---

[1]We make this assumption because we have not been furnished with copies of the drug evaluation reports.

Let a peremptory writ issue requiring respondent superior court in case No. 107748 to vacate its order denying petitioners' motion for the names and addresses of the physicians who prepared the reaction reports referred to in this opinion, and to enter a new and further order, concerning question No. 4 of the interrogatories and question No. 1 of the supplemental interrogatories as found in Exhibit B of the petition, consistent with the views expressed herein.

Stone, P. J., and Brown (G. A.), J., concurred.