[No. A037239. First Dist., Div. One. Apr. 8, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
WENDY BIGELOW, Defendant and Respondent.

---

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Don Jacobson, Deputy Attorneys General, for Plaintiff and Appellant.

Eleanor M. Kraft, under appointment by the Court of Appeal, for Defendant and Respondent.

---

**OPINION**

**ELKINGTON, J.—** ▮ The People have appealed from an order dismissing an information charging defendant Wendy Bigelow with assault with a deadly weapon, i.e., a knife. Defendant had moved for *pretrial* discovery of prior convictions and medical information, *known to the People or in their possession,* of witnesses *before they testified,* declaring that she would rely on the principle of self-defense. The motion was granted and the requested discovery order was made by the superior court. The People *refused*

to comply with the discovery order, and for that reason the district attorney stated, "he is not ready to proceed." On motion of defendant the information was thereupon dismissed.

The People make no contention that defendant was not entitled to the discovery she sought. Instead, as we read their briefs, they insist that the only way such discovery might be accomplished was by "subpoena duces tecum in a criminal case." We disagree.

■ A subpoena duces tecum is the "writ," or "order," or "process" of the court, by which the *trial* attendance of a witness with needed documents or other evidence is ordinarily obtained. (*Southern Pac. Co.* v. *Superior Court* (1940) 15 Cal.2d 206, 208 [100 P.2d 302, 130 A.L.R. 323].) ■ But such a procedure is *not* exclusive.

"The decisions of [the state Supreme Court] have always impliedly recognized that on a proper showing a defendant in a criminal case can compel production when it becomes clear . . . that the prosecution has in its possession relevant and material evidence. Production has been denied, not on the ground that there was never any right to it, but because the requirements justifying production had not been met in the particular case." (*People* v. *Riser* (1956) 47 Cal.2d 566, 585-586 [305 P.2d 1], overruled on other grounds in *People* v. *Morse* (1964) 60 Cal.2d 631 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810].)

■ "When the 'subpoena power is invoked to secure discovery, the good cause and materiality requirements of Code of Civil Procedure section 1985 [relating to issuance of subpoenas] must be governed by discovery standards.' . . . The objective is not merely the discovery of admissible evidence, *but also effective preparation for trial.*" (Our italics; *Associated Brewers Distr. Co.* v. *Superior Court* (1967) 65 Cal.2d 583, 587 [55 Cal.Rptr. 772, 422 P.2d 332].)

■ "While procedural exactness is to be admired, it is no longer considered an indispensable ingredient to effective judicial administration, and a court may look through form to substance if necessary to attain justice." (*People* v. *Odom* (1970) 3 Cal.App.3d 559, 565 [83 Cal.Rptr. 520].)

And: "It shall be the duty of the judge to control all proceedings during the trial, . . . with a view to the expeditious and effective ascertainment of the truth regarding the matters involved." (Pen. Code, § 1044.)

■ Here the superior court reasonably concluded that the defendant was entitled to the requested discovery *before the trial.*

Applying these above noted several criteria we perceive no error.

(We make no determination whether the charges against defendant may be refiled.)

The order dismissing the information is affirmed.

Racanelli, P. J., and Newsom, J., concurred.