GARGANO, J.
 

 Petitioners instituted a stockholders’ suit in the court below against Valley Nitrogen Producers, Inc., for injunctive relief, an accounting and damages. They also seek a declaration that the corporation, hereafter referred to as Valley, is a constructive trustee for certain undistributed patronage refunds. After issue was joined on petitioners’ complaint, °petitioners made a motion to inspect Valley’s audited C.P.A. reports, all work papers of Valley’s aeeountnats in connection therewith, and its shareholder ledger, each for 1961 through 1966. The superior court denied the motion without comment. Petitioners bring this action in mandamus to compel the superior court to grant .their .request for discovery. ' "" .. . ...'.
 

 Petitioners hold 500 shares of Class A stock in VaÚéy,' a
 
 *634
 
 nonprofit cooperative corporation. As holders of such stock petitioners claim that they are entitled to patronage refunds in accordance with their annual purchases from Valley of anhydrous ammonia, aqua ammonia or liquid fertilizer containing ammonia. However, according to petitioners’ complaint, Valley’s directors failed to properly distribute the net profits from sales of these items, but instead commingled the profits with dry fertilizer profits through a misinterpretation of the by-laws. Because of this commingling petitioners allege that Valley’s directors distributed part of the anhydrous and aqua ammonia profits to Class B shareholders who were entitled to participate in dry fertilizer profits only. Thus, petitioners contend that they must examine Valley’s books in order to prepare their case.
 

 The main question presented in this proceeding is whether the petitioners have shown good cause to discover the documents which they seek to examine and hence whether the court abused its discretion when it denied their request to do so. Petitioners moved for inspection of the documents under Code of Civil Procedure section 2031 which requires a showing of “good cause.” And a party required to show “good cause” under this section “shall show specific facts justifying discovery and mere proof of the relevance of the information sought to the subject matter of the action shall not be sufficient.” (Code Civ. Proc., § 2036.)
 

 Prior to the enactment of section 2036 “good cause” was established to obtain discovery if an impartial tribunal was satisfied that the request could be granted without abuse of the inherent rights of the adversary
 
 (Greyhound Corp.
 
 v.
 
 Superior Court,
 
 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]). The trial court had discretion to determine that relevance to the subject matter alone constituted “good cause.”
 

 After section 2036 was enacted it was urged that “admissibility in evidence” was the new test prescribed by the Legislature. However, the California Supreme Court rejected such argument and, while conceding that the section was enacted to prevent abuses, stated that it still “left to the courts the determination of what specific facts in addition to a showing 1 of relevance of the information sought to the subject matter of the action’ should be required to show ‘good cause. ’ ”
 
 (Associated Brewers Distributing Co.
 
 v.
 
 Superior Court,
 
 65 Cal.2d 583, 587 [55 Cal.Rptr. 772, 422 P.2d 332].) Moreover, the court indicated that the test is whether the documents sought to be discovered are (1) relevant to the
 
 *635
 
 subject matter, (2) material to the issues and (3) needed for effective preparation for trial.
 

 We conclude that petitioners have established
 
 “good
 
 cause” to examine the audited C.P.A. reports and the shareholder ledger. It is manifest that if petitioners ’ interpretation of Valley’s by-laws is correct a substantial portion of the corporation’s net profits payable only to Class A shareholders was improperly commingled and diverted to the benefit of the Class B shareholders. Moreover, it is also manifest that an audit would be required to determine what amounts were so commingled and what, if any, payments were improperly made to Class B shareholders and might have to be refunded by these shareholders to the corporation. Thus, the audited C.P.A. reports and shareholder ledger are relevant to the subject matter of the lawsuit, material to the issues raised by the complaint and clearly needed by petitioners to effectively prepare their case as well as to ascertain the identity of new parties to be joined in the lawsuit if necessary.
 

 In opposition to petitioners’ request for inspection Valley contends that petitioners are acting in bad faith. Specifically, it claims that petitioners seek inspection of its records to harass Valley and to expose its customer list to Valley’s competitors. This bald assertion, however, is not supported by substantial evidence. Moreover, Valley’s business interests can and should be protected by an appropriate protective order carefully limiting the people who are permitted to inspect the documents.
 

 Valley also asserts that the only real issue in the lawsuit is the interpretation of its by-laws and that an audit is not required to resolve this issue. Thus, it concludes that petitioners must establish their right to an accounting by prevailing on this issue before they are permitted to inspect the corporation’s financial records.
 

 Significantly, the issues raised by petitioners’ complaint were not bifurcated for trial. Consequently, at the time of trial, petitioners must not only be prepared to prove that the by-laws were misinterpreted by Valley’s directors, but they must also be prepared to prove that corporation profits were commingled and diverted to the wrong shareholders to the detriment of the petitioners and all other Class A shareholders. Petitioners would not be prepared to meet this latter issue unless they are permitted to examine the corporation records. The fallacy of Valley’s argument is in the bold assumption that petitioners’ interpretation of the by-laws is
 
 *636
 
 devoid of merit and that even if petitioners’ interpretation is correct that there is no dispute as to how, to whom and in what amounts the disputed corporation profits were allocated or distributed.
 

 Valley’s final thrust is that the decision as to whether the trial court shall allow discovery rests within its sound discretion and petitioners have failed to show an abuse of discretion. Admittedly, the Discovery Act vests wide discretion in the trial judge. Moreover, a measure of this discretion is inextricably connected with the concept “good cause.” (Louisell, Modern California Discovery, p. 197.) However, the trial court’s discretion is not unlimited. Thus, the Supreme Court in
 
 Greyhound
 
 v.
 
 Superior Court, supra,
 
 56 Cal.2d 355, 383, succinctly outlined the legal concepts upon which a proper exercise of discretion should be based. Among these are that the legislative purpose should not be subverted or thwarted and when disputed facts provide a basis for the exercise of discretion, those facts should be liberally construed in favor of discovery, We conclude that the main purpose of the Discovery Act, which is to insure effective preparation, to encourage settlements and to end litigation, would be subserved rather than thwarted if discovery is permitted in the instant case.
 

 The cases cited by Valley are distinguishable. They are mainly patent, copyright and trademark infringement suits where it was clear that the defendants would have been unduly burdened and subjected to unfair exposure to their competitors if an audit had been allowed before the patent, copyright or trademark infringements had been established. On the other hand, the case of
 
 Hauk
 
 v.
 
 Superior Court,
 
 61 Cal.2d 295 [38 Cal.Rptr. 345, 391 P.2d 825], although not concerned with “good cause,” is authoritative on the extent of the trial court’s discretion in a situation similar to that before us. Just as in the instant petition, defendants there also argued that a plaintiff must establish his right to an audit before the court will compel a defendant to answer questions relating to gains and profits from certain business transactions.
 

 In
 
 Hauk,
 
 plaintiffs propounded questions to defendants which defendants refused to answer during the taking of their depositions on oral interrogatories. In overruling the trial court’s refusal to compel answers the Supreme Court at pages 298-299 of the opinion stated: “The trial court in its memorandum opinion fails to find that defendants will be
 
 *637
 
 prejudiced in any manner if they should be required to answer plaintiff’s interrogatories immediately .... As its memorandum sets forth no factual basis or legal reason which supports the court’s exercise of discretion in this manner, [requiring plaintiff to initially establish the right to an accounting] the showing does not appear to come within the broad, but conceptually delimited, area of discretion provided by the
 
 statutes;
 
 therefore the trial court on the present record appears to have acted in excess of its discretion. ’ ’
 

 Valley’s contention that the trial court properly refused to compel inspection of the auditors’ work papers has merit. It is difficult to understand why petitioners need to inspect these papers in order to gather the information which they wish to acquire. Moreover, under Business and Professions Code section 5037 the work papers of accountants are the property of the accountants in the absence of a contrary agreement. This section provides in pertinent part: “All . . . working papers . . . made by a certified public accountant . . . incident to or in the course of professional service to clients . . . except reports submitted ... to a client shall be and remain the property of such certified public accountant ... in the absence of an express agreement to the contrary between the certified public accountant . . . and the client.” Thus, petitioners will have to present additional facts to the court before it can intelligently rule on the discovery of the work papers.
 

 Let a peremptory writ issue requiring respondent superior court to vacate its order denying production and inspection of the records requested and to enter a new and further order consistent with the views expressed herein.
 

 Conley, P. J., and Stone, J., concurred.
 

 A petition for a rehearing was denied December 1, 1967.