[Civ. No. 12281. Third Dist. June 26, 1969.]

BOARD OF TRUSTEES OF THE PLACERVILLE UNION SCHOOL DISTRICT, Petitioner, v. THE SUPERIOR COURT OF EL DORADO COUNTY, Respondent; LILLIAN PORINI, Real Party in Interest.

Daryl J. McKinstry, County Counsel, for Petitioner.

No appearance for Respondent.

Lawrence Karlton for Real Party in Interest.

PIERCE, P. J.—Petitioner seeks a writ of mandate directing respondent court to order real party in interest Porini to submit to a psychiatric examination under Code of Civil Procedure section 2032, subdivision (a).

Petitioner contends that the trial court's refusal to order Mrs. Porini to submit to psychiatric examination was an abuse of the trial court's discretion because: (1) good cause for the examination has been shown; and (2) information discovered in the examination would not be subject to the psychotherapist-patient privilege of Evidence Code section 1014. We reach the conclusion that the peremptory writ must issue.

█ Mrs. Porini was a school teacher for petitioner until suspended August 31, 1965, on charges that she was incompetent due to a mental disability. In order to dismiss Mrs. Porini after the suspension, petitioner filed the necessary superior court action. In such an action the trial court must decide whether the charges against the teacher are true, and whether the disability warrants dismissal or if a leave of absence will suffice. (Ed. Code, §§ 13412, 13437.) Before her suspension Mrs. Porini was examined by a psychiatrist employed by petitioner. That psychiatrist's last examination was August 19, 1965. He testified that at that time Mrs. Porini was incompetent due to mental disability. The case was not tried until more than a year after that examination. There was no testimony at the trial showing that Mrs. Porini was then suffering from a mental disability. She offered psychiatric testimony—recent to the hearing—stating a positive opinion that she had had psychiatric problems but had responded to treatment and was then mentally well. The trial court held Mrs. Porini was incompetent as a teacher due to mental disability but it did not discharge her. Instead, it required her to take a leave of absence. At the end of her leave, however, it required her to assume the burden of proving her competency.

On appeal (263 Cal.App.2d 784) this court held that the trial court could not legally base a decision in proceedings under Education Code section 13412 et seq. upon out-of-date expert testimony. Petitioner on retrial by proceedings framed under Code of Civil Procedure section 2032 sought the appointment by the court of a psychiatrist to make a current examination and report with the necessarily implied consequence that the psychiatrist thus appointed would be available to testify. The trial court denied the request and refused the order.

█ A petition for mandate is a proper remedy to test this

order denying discovery. (*Dowell* v. *Superior Court* (1956) 47 Cal.2d 483, 486 [304 P.2d 1009].)

A prior showing of "good cause" is required in the ordinary civil action. (Code Civ. Proc., §§ 2031, 2032). It is unnecessary to determine whether "good cause" as used in such civil proceedings has been met in the proceedings before us here. In the very nature of the proceedings they cannot properly be determined without the aid of an expert in the field of mental health. Unless petitioner has a right to cause Mrs. Porini to submit to psychiatric examination by a qualified expert, the whole proceedings under Education Code section 13412 is rendered useless. Obviously the Legislature did not intend such emasculation. It expressed a contrary intention when it prescribed examination by an "independent recognized psychiatrist" before even a suspension of a teacher "on a charge of incompetency due to mental disability." (Ed. Code, § 13411.) It recognized again the importance of professional examinations, reports and expert testimony in the court proceedings which may follow suspension by the enactment of Education Code section 13417. In that section "section 1871 of the Code of Civil Procedure" (now Evid. Code, §§ 723, 730-733) is expressly made applicable. Those sections cover testimony by, and court appointment of, expert witnesses. However, even were we to relate the appointment sought from the trial court by petitioner here to "good cause" as required in ordinary civil proceedings, we are unconvinced that as those words have been judicially construed they have not been complied with. (See *Associated Brewers Distributing Co.* v. *Superior Court* (1967) 65 Cal.2d 583, 586 [55 Cal.Rptr. 772, 422 P.2d 332]; *Elmore* v. *Superior Court* (1967) 255 Cal.App. 2d 635, 638 [63 Cal.Rptr. 307].) *Laubscher* v. *Blake* (1935) 7 Cal.App.2d 376, 383 [46 P.2d 836], cited by respondent is distinguishable upon its facts.

█ There is no privilege involved. (Evid. Code, § 1017.)

█ We deny respondent's application that this court, should it issue a peremptory writ, condition it upon an order that a court reporter and respondent's counsel be permitted to be present during the psychiatric examination. Due to the atmosphere required for a psychiatric examination its purpose would be defeated by such procedures. (See *Whitfield* v. *Superior Court* (1966) 246 Cal.App.2d 81, 86 [54 Cal.Rptr. 505], hear. den.) We both deny the application and hold that such a condition imposed by trial court order could not be sustained.

At one level or another proceedings against Mrs. Porini have been pending since August 1965. At one period since then this teacher of long tenure was—according to her own psychiatrists—having psychiatric problems. This long protracted litigation, of nearly four years duration, cannot—we believe—be aiding her mental health. Petitioner cannot in the interests of either the children of the community or their parents drop the present proceedings so long as substantial doubts exist as to respondent's recovery. Under the history presented by this record further delays of the proceedings can aid no one.

Let the peremptory writ prayed for issue.

Regan, J., and Bray, J.,* concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied August 20, 1969.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.