# BURKE *et al. v.* THE TABLE MOUNTAIN WATER CO. & LAFORGE.

In an action of ejectment, where the complaint alleges possession in the defendant, a denial in the answer in the following words is not sufficient to put at issue the question of possession: "Defendant denies that he has unlawfully, wrongfully, and in violation of the plaintiff's rights, had the possession," etc. This denial might be true, and yet the defendant be in possession. The defendant was called on to answer, not only the character of the possession, but the fact of possession.

The failure to deny a material averment, is an admission of the facts contained in such averment, and such admission is conclusive against the pleader.

The sufficiency of a notice to the adverse party, to produce on trial a certain paper in his possession, is a question of discretion in the Court trying the case.

Where it is impossible to produce the paper between the time of giving the notice and the trial, that fact should be made to appear.

Literal accuracy cannot be expected in the description given in the notice of a paper in the possession of the adverse party. Such description as will apprise a man of ordinary intelligence, of the document desired, is sufficient.

In an action of ejectment against two persons, where one of the defendants had previously surrendered the possession of the premises to his co-defendant, this fact is sufficient to support the finding of the Court, that the possession was in one and not in the other.

On re-hearing: The reasons given by a Judge in his findings are no part of the judgment. The point decided is the thing fixed by the judgment.

In an action of ejectment against a company and one L, where the Court found that the company was in possession, and that L was not, and gave judgment against the company only, L is not precluded from showing his possession in any future proceedings; his right to the possession, if he has any, is not concluded by the judgment and finding. Such judgment determines only the fact that L was not in the actual possession.

An agreement of cancellation of the lease of a ditch, and the surrender of the possession to the lessor, is sufficient evidence of the surrender of such possession, although it does not appear that there was a consideration expressed in such instrument of cancellation and surrender.

APPEAL from the Fifth District, County of Calaveras.

This was an action of ejectment to recover the possession of a certain ditch for the conveyance of water for mining purposes.

The complaint sets out the title of plaintiffs, and avers " that the defendants, the Table Mountain Water Company and A. B. Laforge, well knowing the premises, and well knowing the plaintiffs were the owners of such property, and entitled to the possession and use thereof

as aforesaid, have unlawfully, wrongfully, and in violation of the rights of the plaintiffs herein, at all times since the said fifteenth day of March, A. D. 1858, had the possession thereof, and ever since said day wrongfully and unlawfully detained possession of the same from these plaintiffs; and that said defendants do now wrongfully and unlawfully detain the possession," etc.

This allegation is attempted to be traversed in the answer of the Table Mountain Water Company by the following:

"The said defendants, the Table Mountain Water Company, for answer to the plaintiffs' complaint denies that the said Company has unlawfully, wrongfully, and in violation of plaintiffs' rights, had the possession of the certain ditch, canal or flume described in said plaintiffs' complaint, and denies that they unlawfully and wrongfully detain the possession of the same."

The cause was tried in the Court below without a jury, and by the findings of the Court it appears that on the twelfth day of February, 1857, a judgment of foreclosure of mortgage of the premises, in favor of E. A. Rowe v. The Table Mountain Water Company, was duly rendered in the District Court of Calaveras county, and that subsequent the property was sold under the decree; that at such sale, Bowman and plaintiff Hughes became the purchasers, and a deed was duly made by the Sheriff conveying to them the premises; that subsequently Bowman sold and conveyed his interest to the plaintiff Burke.

On the thirty-first of October, 1856, the Table Mountain Water Company leased the premises to the defendant Laforge for the term of five years, and under this lease he entered into possession. On the sixteenth of March, 1858, and before the commencement of this suit, Laforge, by a written contract with the Company, surrendered to them the possession of the ditch. This action was commenced on the twelfth of April, 1858, and the Court finds that plaintiffs were then the owners, and entitled to the possession of the ditch.

On the day of trial, plaintiffs served upon the defendants notice to produce on trial "the written agreement canceling the lease alleged to have been made between A. B. Laforge and the Table Mountain Water Company—said agreement having been made by A. B. Laforge and the Table Mountain Water Company—or parol evidence will be

Burke v. Table Mountain Water Co. & Laforge.

given of its contents." The lease was signed by the individual members of the company, and the agreement surrendering possession is alleged was made to them. The defendants did not produce the agreement, and parol evidence was admitted on trial of its contents. Plaintiffs had judgment against the Table Mountain Water Company only, no judgment being taken against Laforge. All of the defendants appealed to this Court.

*Robinson & Beatty and Hardy & Vaughn* for Appellants.

I. The Court below erred in overruling the motion for a nonsuit, because at the time said motion was overruled, there was no evidence showing the Table Mountain Water Company was, or had been, in the possession of the property sued for, and had shown as facts entitling them to a recovery against A. B. Laforge.

II. The Court below erred in admitting parol evidence as to the contents of a certain written paper in relation to the surrender or transfer of a certain lease, because the notice to produce the paper did not describe the paper, the contents of which were proved, but a paper signed by other and different parties.

III. The Court below erred in refusing to strike out and exclude the evidence of James Brady in relation to the contents of the within instrument, in regard to which he testified, for the following reasons : *First.* The instrument about which he testified did not express any consideration on its face, and was therefore void under the Statute of Frauds ; hence no sufficient foundation had been laid for the introduction of secondary evidence.

IV. The evidence does not justify the finding of facts by the Court.

*Latham & Sunderland* for Respondent.

The only questions are : *First.* Does the finding of the Court support the judgment ? And, *Second.* Was there error in admitting parol evidence of the contents of the transfer or surrender of the lease ?

1. The finding is complete upon all points—that the corporation was the owner of the property in dispute ; mortgaged it ; that the mortgage was foreclosed, sold and deeded by the Sheriff ; that plaintiffs succeeded to the right of the purchaser at Sheriff's sale, and that the

company, at the time of bringing suit and at the trial, was in posses-
sion.  The defendant, the Table Mountain Water Company, being
defendant in the foreclosure suit, and in possession of the property at
the commencement of the ejectment suit, the proceedings being regular,
there could be no defense by the company.

2. There was no error in admitting the parol evidence.

I. The evidence was against the corporation, and they do not now
complain.

II. Laforge cannot complain, because there is no judgment against
him.

III. The notice in writing was sufficient ; and if not, the verbal
notice on the trial was.    Defendants made no showing why they could
not produce the papers.

It is said, however, that the paper is shown to have been void for
want of a consideration expressed therein.    The witness does not pre-
tend to say there was no consideration expressed in the agreement ;
he says Laforge was to be paid for his improvements, but that was not
in the paper.    This answer was not in response to a question as to the
contents of the paper, nor does it purport to be.

Again : the construction of the paper must be taken most strongly
against the defendants, they having refused to produce the paper.
Defendants' counsel had it in the morning of the day of trial ; the pre-
sumption is, it was still in his possession in the Court-house.    Such
presumption becomes conclusive when the same attorney refuses or
declines to show that it has passed from his possession, or is then at
his office, or at a distance.    The statute, as also the rules of evidence
prior to the passage of the law, require only reasonable notice.    What
is reasonable notice, the Judge who tries the case below can better
determine than this Court.

IV. The answer of the company does not deny that they are in pos-
session ; and as between plaintiffs and the company, there was no issue
to which Brady's testimony could be pertinent.    The Court found the
company in possession, from the pleadings themselves, and not from
the evidence of the contents of the paper.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J.,
and FIELD, J., concurring.

This action of ejectment was brought to recover a certain ditch. One Laforge was a defendant, but no judgment was recovered against him. The complaint charges that the defendant—the Table Mountain Water Company—was in possession. The answer of the company does not deny this averment in any such manner as to put it in issue. The answer denies that this defendant has " unlawfully, wrongfully, and in violation of plaintiffs' rights, had the possession," etc. But this might be perfectly true, and yet the defendant be in the possession. What the complaint called the defendant to answer, was not only the character of the possession, but the fact of possession by it, and a failure to deny this averment is an admission of it. This admission is conclusive evidence of the fact admitted. It is, therefore, immaterial, so far as the company are concerned, whether the Court erred or not in its admission or rejection of evidence in respect to an admitted fact— though we are not satisfied, as will be seen hereafter, that any substantial error was committed, to the injury of the defendants. Laforge was discharged from the suit. The Court found he was not in possession, hence he could not be sued in this action, and was properly discharged ; if he *was* in possession, the Table Mountain Water Company, having confessed their possession, and not having set up Laforge's title, or shown any connection with it, judgment was properly rendered against it. But it is argued that error has been committed to the prejudice of Laforge ; that though the judgment was for him, yet the predicate of that judgment was the finding that he was not in possession, and had surrendered all his right to the Table Mountain Water Company, or the members of it, and the control of the property ; and that this finding was improperly made in this—that parol evidence was admitted of a certain paper purporting to be an agreement of cancellation of a lease from the company to Laforge. Notice was served on the defendants' attorneys, on the day of the trial, to produce this paper. It was shown that this paper was that day in the possession of one of the attorneys of defendant. The sufficiency of notice to produce a paper shown to be in the possession of a party is a question of discretion ; and if it were impossible to procure it between the time of giving notice and the trial, that fact should be made to appear. In this instance, it does appear that the paper was present, or in the hands or

within the control of the defendant. There is nothing in the technical point that the agreement was between the members of the company and Laforge, and not between Laforge and the company. Literal accuracy cannot be expected in the description of a paper in the possession of the adverse party; such description as will apprise a man of ordinary intelligence of the document desired is enough. Nor is there anything in the point that the witness Brady testified that no consideration was expressed in this instrument. We understand him only to say that Laforge was to be paid for some improvements, and *this* was not expressed in the writing. The fact that the agreement was executed and carried into effect, and the further fact that the defendants refused to produce the paper, go far to show that it was a valid agreement; but whether it was or was not, if Laforge surrendered the possession to the company, it was enough to support the finding that the company was, and Laforge was not, in possession. The company did not set up this agreement—indeed, could not—and Laforge by it parted with any possession he had before.

The judgment is affirmed.

On re-hearing in this case, the following opinion was rendered by BALDWIN, J.—TERRY, C. J., and FIELD, J., concurring:

On petition for a re-hearing.

The finding which is objected to is that Laforge was not in possession. To prove that he was not, parol evidence of the contents of a paper purporting to be an agreement of a cancellation of a lease was offered and admitted. It was objected that no consideration was shown for this agreement. But as a verdict could not be found against Laforge, unless he was in possession, we do not see that this proof was inadmissible, for the agreement was evidence of a surrender of a former possession, whether there was a consideration for it or not. The finding was, therefore, right. At least, Laforge cannot complain. Judgment is for him. The reason given for the conclusion is not *res judicata* as to him, so as to bind him in any future proceeding. Though the Court decided he had no title and no possession, and therefore he was improperly joined as a defendant, yet it also decided that the plaintiff had no claim on him, and could recover nothing. We do not

People *v.* Martin. .

understand that the reasons given for a finding are judgments.   The point decided is the thing fixed by the judgment, but the reasons are not.   The only point adjudged is the fact that Laforge is not in possession, and that result was reached by testimony proper for that purpose. His *right* to the possession, if he has any, is not concluded by this judgment and finding.   But there was evidence enough for the Court below to base its action on—that he was not, *in fact,* in possession ; . and this is the only *fact* really decided.   See Garner *v.* Marshall, 9 Cal. 270.

Laforge's right is just as good, therefore, now, as it was before the trial ; the effect of the judgment being to determine the fact that he was not in actual possession ; and, according to the case just cited, actual possession was necessary in order to sustain an action of ejectment against him.

We think, therefore, that conceding everything to the argument of the counsel—which seems to us to be more plausible than sound—there is no substantial error in the opinion which the petition reviews.

The petition is denied.