[Civ. No. 18705.   Second Dist., Div. Two.   Oct. 24, 1951.]

SEVEN UP BOTTLING COMPANY OF LOS ANGELES (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Thomas P. Menzies for Petitioners.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

McCOMB, J.—This is an application for a writ of prohibition to restrain the superior court from taking the deposition of petitioner Lunt, secretary of the Seven Up Bottling Company of Los Angeles.

*Facts:* In a divorce action entitled *Washburn* v. *Washburn,* Los Angeles Superior Court, No. Pasadena D-8011, defendant seeks to take the deposition of petitioner Lunt, Secretary of the Seven Up Bottling Company, on the ground the witness is the only one who can establish facts material to the issues

involved in the above action, pursuant to the provisions of section 2021, subdivision 6, of the Code of Civil Procedure.

A motion to quash the service of the subpoena and subpoena duces tecum was denied by the superior court, and the present alternative writ was issued by this court.

Respondent has filed a general demurrer to the petition.

█ *Questions*: First: *Is prohibition a proper remedy?*

*Yes.* An order of the superior court denying a motion to quash service of process may be reviewed on a writ of prohibition. (*Frey & Horgan Corp.* v. *Superior Court*, 5 Cal.2d 401, 402 [1] [55 P.2d 203]. *Cf. Southern Pac. Co.* v. *Superior Court*, 15 Cal.2d 206, 210 [100 P.2d 302, 130 A.L.R. 323].)

*Lockheed Aircraft Corp.* v. *Superior Court*, 28 Cal.2d 481, 487 [171 P.2d 21, 166 A.L.R. 701] and *C. S. Smith Met. M. Co.* v. *Superior Court*, 16 Cal.2d 226, 228 et seq. [105 P.2d 587], are not here in point. In such cases the court refused to issue writs of prohibition to prevent the enforcement of further proceedings based upon the claim the subpoena duces tecum was predicated upon alleged defective affidavits. Such is not the case here.

The allegations of the present petition fall squarely within the ruling of *Frey & Horgan Corp.* v. *Superior Court, supra,* the intent of the instant writ being to test the correctness of the ruling of the trial court in denying a motion to quash service of process.

It is obvious since petitioners are not a party to the divorce action they do not have any plain, speedy and adequate remedy or even right to appeal from any judgment rendered in the proceeding.

█ In such case a party is entitled to relief where he is beneficially interested in the litigation and his legal rights are being injuriously affected. (*Monterey Club* v. *Superior Court*, 48 Cal.App.2d 131, 143 [2] [119 P.2d 349].)

█ Second: *Did the trial court err in denying petitioners' motion to quash the service of process (subpoena and subpoena duces tecum)?*

*Yes.* Section 1985 of the Code of Civil Procedure reads in part as follows: "Subpoena duces tecum. All applications before trial for subpoenas duces tecum shall be accompanied by an affidavit specifying the exact matters or things desired to be produced, and setting forth in full detail the materiality thereof to the issues involved in the case, and stating that the witness has the desired matters or things in his possession or under his control."

The foregoing provisions have been construed by the Supreme Court of this state in *Nelson* v. *Superior Court,* 9 Cal.2d 729, 731 [1] [73 P.2d 232]. In this case the court held that in order to comply with the quoted provisions of section 1985, Code of Civil Procedure, the exact things to be produced should be described and there should be set forth in full detail the materiality thereof to the issues involved in the case. It was held it was not sufficient merely to state the documents produced were material. Facts must be shown upon which the court can see that the books and records sought to be produced contain material entries. A mere allegation that the records are material, in the absence of any facts supporting such allegation, constitutes a conclusion of law which does not meet the requirements of the quoted section.

No facts were shown in the affidavit upon which the subpoena duces tecum was sought. The only pertinent allegations were conclusions of law, such as, "Said B. S. Lunt has in his possession the records and minutes of the regular and special meetings of the Board of Directors of Seven Up Bottling Company of Los Angeles," which "will disclose the activities of the plaintiff and Cross-defendant in the operation of the business of Seven Up Bottling Company of Los Angeles." Also "that the Secretary of the Seven Up Bottling Company of Los Angeles is the only one who can establish the fact pertaining to the activities of the plaintiff and cross-defendant, which fact is material to the issues involved in the above entitled action."

Clearly under the above rule the affidavit failed to show sufficient facts to support the issuance of a subpoena duces tecum and the trial court erred in denying petitioners' motion to quash the service of process.

The demurrer is overruled. Let the peremptory writ issue as prayed.

Moore, P. J., concurred.