[Civ. No. 32114.   Second Dist., Div. Four.   Feb. 13, 1968.]

ARTHUR E. JOHNSON, Petitioner, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent; LOS PADRES AVIATION, INC., Real Party in Interest.

Trapp & Kirk, Archbald, Zelezny & Spray and Kenneth L. Moes for Petitioner.

No appearance for Respondent.

Ted Bushman for Real Party in Interest.

McCOY, J. pro tem.*—This proceeding arises out of an action filed in February 1967 in the Superior Court for Santa Barbara County entitled Los Padres Aviation, Inc. v. Arthur E. Johnson, et al., number SM 3684. One of the named defendants is the Santa Maria Public Airport District, a public entity created pursuant to the Public Utilities Code, hereafter referred to as the District.

Plaintiff's original complaint alleges four causes of action. In its first cause of action, which is incorporated by reference in the other three, it is alleged that plaintiff "is an aircraft dealer in the Santa Maria area and also engages in the sale,

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

rental, lease of aircraft, student and pilot instruction, air charter, air taxi service, maintenance and repair of aircraft, agricultural aviation application operations and air ambulance service.'' The District allegedly ''has received Federal Funds for the improvement of the airport site, thus subjecting itself to *49 USC § 1349 (1958).*''[1] Paragraph VII of the complaint reads: ''In violation of *49 USC § 1349 (1958),* Defendants and each of them have granted and permitted exclusive rights for the conduct of certain aeronautical activities on the Santa Maria Public Airport, including but not limited to, aircraft sales, service, maintenance and repair of aircraft and sale of aviation petroleum products. Defendants and each of them, have permitted only one aircraft dealership to locate at the Santa Maria airport, have authorized only one repair and maintenance of aircraft service to be located at the Santa Maria airport, have permitted only one company to sell aviation petroleum products at the Santa Maria airport, have permitted only one agricultural aviation application firm at the Santa Maria airport.''

It is further alleged in the first cause of action that plaintiff is in direct competition with those to whom the District has given the exclusive right to operate on the Santa Maria airport and that it is as well or better equipped to render proper services in the area of aircraft sales, service, maintenance, etc., than any of its competitors. It is alleged then that defendants have conspired to restrain trade in the conduct of aeronautical activities at the airport, and to carry out restrictions on trade and commerce, with the intent to deprive plaintiff and others of the aforementioned aircraft business and to deny the people of the Santa Maria Valley of the benefits of plaintiff's and others' services, and that defendants' acts have reduced and destroyed competition at the airport, all to plaintiff's damage, etc.

The second cause of action alleges that since March 1966 defendants have conspired to restrict and restrain the conduct of aeronautical activities at the airport, and have granted

---

[1]Section 1349, U.S.C.Anno. (Pub. L. 85-726, Title III, § 308, Aug. 23, 1958, 72 Stat. 750) provides, so far as pertinent here, that no federal funds shall be expended, other than for military purposes, ''for the acquisition, establishment, construction, alteration, repair, maintenance, or operation of any landing area,'' or of any ''air navigation facilities thereon'' except on certification of the Administrator of the Federal Aviation *Administration* ''that such landing area or facility is reasonably necessary for use in air commerce or in the interests of national defense. . . . There shall be no exclusive right for the use of any landing area or air navigation facility upon which Federal funds have been expended.''

certain exclusive rights which have created a monopoly and destroyed competition, all to plaintiff's damage, etc. The third and fourth causes of action allege similar discrimination against plaintiff, substantially lessening competition and in restraint of trade and commerce at the airport.

By way of relief, plaintiff seeks an injunction restraining the defendants from continuing the acts complained of, and a judgment for $10,000,000 general damages, treble damages of $30,000,000, exemplary damages of $30,000,000, and attorneys fees in the sum of $250,000.

On April 3, 1967, defendants demurred to the complaint both generally and specially. On April 6 the defendant Johnson, petitioner here, appeared for the taking of his deposition, but refused to produce the documents described in a subpoena duces tecum which had been served on him on March 17. On April 12 plaintiff filed a notice of motion pursuant to section 2034, subdivision (a) of the Code of Civil Procedure, for an order compelling Johnson to answer the questions which he had refused to answer on his deposition and to produce the records called for by the subpoena duces tecum.[2]

Plaintiff's motion was heard and submitted on May 12, 1967. On June 22, before its ruling on plaintiff's motion, the court entered an order sustaining the demurrer to the complaint with leave to file an amended complaint no later than August 10. With the record in this condition the court July 11 granted plaintiff's motion and made the order here under review. The court thereby ordered Johnson to "produce such items of Exhibit A as are under his control or which he may lawfully obtain at the further taking of his deposition upon notice as provided by law, and forthwith deliver copies thereof to plaintiff's counsel, and it is further ORDERED: That plaintiff's Motion for costs in taking said deposition past and future, is granted, and it is further ORDERED: That Plaintiff's

---

[2]Plaintiff also "move[d] the Court to permanently enjoin Defendants from proceeding with any discovery until the completion of the deposition originally set for April 6, 1967, and the delivery to Plaintiff's counsel of the records set forth in the Subpena Duces Tecum." The notice also stated that plaintiff "will further move this Court for an Order that Defendant, ARTHUR E. JOHNSON, pay to Plaintiff, LOS PADRES AVIATION, INC., reasonable costs and attorney's fees, incurred because of this proceeding, and that the costs and attorney's fees be made a lien upon any property, real or personal, owned by Defendant, ARTHUR E. JOHNSON, in this action, and if the Court finds that Defendant's attorneys, TRAPP & KIRK, advised defendant to refuse to permit discovery, that the Court order attorneys TRAPP & KIRK to pay Plaintiff costs and attorney's fees incurred because of proceeding," and for the imposition of other sanctions.

Motion for attorney's fees, and other sanctions is denied, without prejudice to plaintiff to renew said Motion in the event defendant fails or refuses to comply with this order.''

▊ Petitioner contends that in making this order the trial court exceeded its jurisdiction and abused its discretion in the several particulars discussed below.

(1) Petitioner first contends that, ''by ordering petitioner to 'Produce such items of Exhibit ''A'' as are under his control or which he may lawfully obtain' and 'to deliver copies thereof to plaintiff's counsel' [the court] has granted relief which was in large part not sought by plaintiff and which in fact had been expressly disclaimed by plaintiff with respect to 5 of the 13 categories of documents covered by the court's order.''

This point is well taken. Plaintiff's motion sought an order requiring defendant Johnson to produce all the documents in the 13 categories described in exhibit A attached to the subpoena duces tecum. At the hearing of the motion plaintiff expressly limited its request for a specific order calling for the production of the documents described in paragraphs 1, 2, 6, 7, 9, 10 and 12 of exhibit A, and said that if he could get those he would ''hold off'' his request on the others.[3]

It seems obvious that, when the court made its order on July 11 granting plaintiff's motion, it overlooked what had transpired when the motion was heard two months before. Since the plaintiff had expressly limited his request on that occasion to the eight categories noted above and, in effect, withdrew its motion as to the other categories, the court abused its discretion in ordering petitioner to produce the documents described in paragraphs 3, 4, 5, 8 and 13 of exhibit A. As to that part of the order, petitioner is entitled to the relief he seeks.

▊ (2) Petitioner's second contention is that the trial court has ordered compliance with a subpoena duces tecum which fails in all material respects to comply with the statutory requirements for such a subpoena. Specifically, petitioner contends that the declaration filed as an application for the subpoena is defective, in that (a) it contains no showing of

[3] Although the allegations of paragraph VI of the petition, with respect to this point are denied by plaintiff as the real party in interest here, the allegations of that paragraph are supported by the partial transcript of the hearing on the motion attached to the petition as exhibit 8. It is significant that this point is ignored by the plaintiff either in the points and authorities filed in support of its answer to the petition or in those filed as a part of its return.

good cause for the production of the matters and things described in the subpoena; (b) that it fails to specify the exact matters or things desired to be produced; (3) that it fails to set forth in full the materiality of the documents sought to be produced to the issues involved in the case; and (d) that it fails to state that the witness has the documents in his possession or under his control. Again petitioner's point is well taken.

On March 17, 1967, when the subpoena duces tecum was issued, section 1985 of the Code of Civil Procedure provided, in part, that a subpoena may require a witness "to bring with him any books, documents, or other things under his control which he is bound by law to produce in evidence." It also provided that "An application before trial for a subpoena duces tecum shall be, or contain, an affidavit showing good cause for the production of the matters and things described in such subpoena and shall specify the exact matters or things desired to be produced, shall set forth in full detail the materiality thereof to the issues involved in the case, and shall state that the witness has the desired matters or things in his possession or under his control."[4] When an affidavit is filed, as provided by section 1985, the issuance of a subpoena duces tecum is a ministerial act to be performed by the clerk; the legal sufficiency of the affidavit to warrant the issuance of the subpoena duces tecum is a question for the court to decide. (*Southern Pac. Co.* v. *Superior Court,* 15 Cal.2d 206 [100 P.2d 302, 130 A.L.R. 323].)

█ The clear import of all the cases dealing with the subject is that a subpoena duces tecum has no force or effect if the affidavit required by section 1985 of the Code of Civil Procedure does not comply with the provisions of that section.

█ The requirement of that section that the affidavit must contain a showing of good cause for the production of the matters and things described in the subpoena and "shall set forth in full detail the materiality thereof to the issues involved in the case" is not met by an affidavit which is totally devoid of any statement of facts. "The affiant cannot rely merely upon the legal conclusion, stated in general terms, that the desired documentary evidence is relevant and material" (*McClatchy Newspapers* v. *Superior Court,* 26 Cal.2d 386, 396 [159 P.2d 944]; *Ex parte Clarke,* 126 Cal. 235, 241-242 [58 P. 546, 77 Am.St. Rep. 176, 46 A.L.R. 835]); the

---

[4]These provisions also appear in section 1985 as amended by Stats. 1967, ch. 431.

party seeking the issuance of a subpoena for the production of documents "must first show the materiality of the desired evidence and cannot obtain permission to search through all [his adversary's] papers and records merely in the hope or expectation that the investigation will disclose favorable information." (*McClatchy Newspapers* v. *Superior Court, supra,* at p. 398.) "A mere allegation that the records are material, . . . constitutes a conclusion of law which does not meet the requirements" of section 1985. (*Seven Up Bottling Co.* v. *Superior Court,* 107 Cal.App.2d 75, 77 [236 P.2d 623].) Similarly, "an affidavit wherein the material facts necessary for the issuance of a subpoena duces tecum are alleged only on information and belief without setting forth supporting facts is insufficient." (*Proctor & Gamble Mfg. Co.* v. *Superior Court,* 124 Cal.App.2d 157, 161 [268 P.2d 199], and cases there cited.)

These rules would apply even if it were only necessary to show that the desired material is relevant only to the subject matter of the action as distinguished from the issues framed by the pleadings.

With respect to the required showing of good cause the law is even more explicit. As enacted in 1963, section 2036 of the Code of Civil Procedure provides that a party who is required to show good cause under the provisions of section 1985, among others "shall show specific facts justifying discovery and mere proof of the relevance of the information sought to the subject matter of the action shall not be sufficient." By the mandate of this section good cause "must now be articulated in any given case by an affirmative showing of specific facts justifying discovery." (*Flora Crane Service, Inc.* v. *Superior Court,* 234 Cal.App.2d 767, 792 [45 Cal.Rptr. 79].) In *Associated Brewers Distributing Co.* v. *Superior Court,* 65 Cal.2d 583, 587 [55 Cal.Rptr. 772, 422 P.2d 332], in which the court settled the meaning of the "good cause" requirement of section 2036, the court held on the authority of *Shively* v. *Stewart,* 65 Cal.2d 475 [55 Cal.Rptr. 217, 421 P.2d 65], that "When the 'subpoena power is invoked to secure discovery, the good cause and materiality requirements of Code of Civil Procedure section 1985 must be governed by discovery standards.' " (See comment on *Associated Brewers Distributing Co.* v. *Superior Court,* 65 Cal.2d 583 [55 Cal. Rptr. 772, 422 P.2d 332], in *California Supreme Court, 1966-1967,* 55 Cal.L.Rev. at 1078.) Neither *Shively* nor *Associated Brewers,* nor any other case called to our attention, dispenses

with the factual showing required by section 1985 either as to good cause or as to materiality. On the contrary, both cases make it perfectly clear that, to secure discovery by use of a subpoena duces tecum, there must be a showing of more than a wish for the benefit of all the information in the adversary's files, and that the trial court must be afforded the factual data by the required affidavit to enable it to make an informed ruling on the issues of materiality and good cause.

■ So far as material here, the declaration for the issuance of the subpoena duces tecum in the case before us reads: "That affiant is informed and believes and upon such information and belief alleges that ARTHUR E. JOHNSON has in his possession or under his control the following documents: All items set forth in Exhibit 'A' attached hereto. Affiant believes and so states that the above documents are material to the proper presentation of his case by reason of the following facts: They are necessary to prove the allegations in the Complaint. WHEREFORE affiant prays that Subpoena Duces Tecum issue." This declaration fails to show any facts with reference to the alleged materiality of the desired documents either to the issues or to the subject matter of the litigation, and is devoid of any allegations whatever directed to the requirement of good cause. Similarly, we note that the entire declaration, such as it is, is based wholly on the declarant's alleged information and belief without any statement of supporting facts. ■ Since the declaration is patently insufficient for the issuance of the subpoena duces tecum, which petitioner was charged with disobeying (*Nelson* v. *Superior Court,* 9 Cal.2d 729, 732 [73 P.2d 232]), it was an abuse of the court's discretion to order petitioner to obey the subpoena.

In view of the foregoing discussion it is not necessary to consider petitioner's other contentions, insofar as they relate to the subpoena duces tecum and the court's order with respect thereto.

■ Plaintiff contends, in substance, that because petitioner did not seek appropriate relief but elected a form of "self-help," thus disregarding the clear provisions of a regularly issued court order, petitioner is not now entitled to the relief he here seeks. In making this contention plaintiff relies on *Filipoff* v. *Superior Court,* 56 Cal.2d 443, where the court said (pp. 452-453 [15 Cal.Rptr. 139, 364 P.2d 315]) that a subpoena duces tecum "was an order of court, and failure to produce, without first obtaining relief, constituted disobedi-

ence. The real parties had open to them three distinct methods of seeking any relief to which they may have been entitled. When the subpoena was served they could have moved to quash the portion relating to the production of the documents on any ground which they believed entitled them to such relief. Or, when the notice of taking the deposition was served, they could have moved under subdivision (b) of section 2019, if they believed they were so entitled, for an order limiting the deposition. Or, at the deposition, when petitioner demanded production of the documents listed in the subpoena, they could have demanded an adjournment for the purpose of seeking an order under subdivision (d) of section 2019, so that the trial court could have then determined the propriety of enforcing the provisions of the subpoena. They took none of these steps. Rather, they elected a form of self-help, and in this fashion disregarded the clear provisions of a regularly issued court order. Under these circumstances petitioner was entitled to an order requiring them to comply with the provisions of the subpoena.''

Plaintiff's contention is without merit. It appears here that petitioner did not elect a form of ''self-help'' but elected, instead, to follow the procedure now permitted by section 2034 of the Code of Civil Procedure which was not available when *Filipoff* was decided in 1961. In that year section 2016, subdivision (a), of that code was amended to provide that ''The attendance of witnesses or the production of books, documents or other things at depositions may be compelled by the use of subpoena as provided in Chapter 2 (commencing with Section 1985), Title 3, Part 4 of this code.'' At the same time section 2034, subdivision (a) was amended to provide that ''If a party or other deponent refuses to answer any question propounded upon examination during the taking of a deposition, or refuses to produce at a deposition any books, documents or other things under his control pursuant to a subpoena duces tecum, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Such proponent, on reasonable notice to all persons affected thereby, may apply to the court in which the action is pending (if the deponent is a party or otherwise subject to the jurisdiction of such court), or if such court does not have jurisdiction over the deponent, to the superior court of the county in which the deposition is taken for an order compelling an answer or if good cause is shown, the production of such book, document, or other thing. . . .''

(Stats. 1961, ch. 496, §§ 2, 3.) In view of these provisions petitioner was well within his rights in refusing to produce the documents called for by the subpoena at the taking of his deposition and in electing to abide the decision of the court on plaintiff's motion.

One other matter requires brief consideration. When plaintiff made its motion for an order requiring petitioner to comply with the subpoena duces tecum, it also moved the court for an order allowing attorney's fees "incurred because of this proceeding," and for an order requiring defendant's attorneys "to pay Plaintiff costs and attorney's fees incurred because of this proceeding," and for the imposition of sanctions "if Defendant refuses to permit discovery." The court disposed of this part of the motion by the following order: "ORDERED: That plaintiff's Motion for costs in taking said deposition [of defendant Johnson] past and future, is granted, and it is further ORDERED: that Plaintiff's Motion for attorney's fees, and other sanctions is denied, without prejudice to plaintiff to renew said Motion in the event defendant fails or refuses to comply with this order." Petitioner contends that in granting plaintiff's motion for costs, the court abused its discretion.[5] We agree.

The power of a trial court to impose any sanctions on a party or his attorney by way of costs when ruling on a motion for an order compelling a witness to answer questions at his deposition or for an order requiring him to produce documents at his deposition pursuant to a subpoena duces tecum is carefully spelled out and limited by section 2034, subdivision (a) of the Code of Civil Procedure. That section provides that if the motion "is granted and if the court finds that the refusal was without substantial justification the court may require the refusing party or deponent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of *the reasonable expenses incurred in obtaining the order,* including reasonable attorney's fees." (Italics added.) Since we have already determined that there was substantial justification for petitioner's refusal to produce the documents, the order requiring petitioner to pay costs falls with the rest of the order under review.

---

[5]More specifically, petitioner contends that "(5) The court, in granting plaintiff's motion for 'costs' in taking the said deposition past and future' [*sic*] has in effect determined that the refusals of petitioner giving rise to plaintiff's motion were without substantial justification which determination is clearly contrary to all evidence before the court."

It should also be pointed out that even in a case in which the imposition of sanctions is proper under the provisions of section 2034, subdivision (a), the sanctions which may be imposed are limited to the "reasonable expenses incurred [by the successful party] in obtaining the order" compelling discovery. In the ordinary case the successful party in an action which has gone to judgment is entitled to "the reasonable cost of taking and transcribing depositions, . . . unless it shall appear to the court that the taking of such deposition was unnecessary . . ." (Code Civ. Proc., §§ 1032, 1032a.) It may be, although we do not here decide, that in some particular case the reasonable cost of obtaining the transcript of a deposition is a "reasonable expense" incurred by a party who is successful in obtaining an order under section 2034, subdivision (a). But even if that were the rule, it would certainly not be broad enough to include the "costs in taking said deposition," as distinguished from the cost of the transcript. Here the court not only ordered petitioner to pay plaintiff's costs in taking the deposition which was the subject of its motion for relief under section 2034, subdivision (a), but also ordered him to pay plaintiff's costs in taking his deposition in the future. In doing so, the court far exceeded its powers as prescribed in that section.

Petitioner also contends that, by making the order here under review, the court has authorized the use of discovery by plaintiff to obtain facts upon which to base an amended complaint and has thus abused its discretion. In view of the fact that plaintiff's amended complaint was filed August 11, 1967, just a month later and without the benefit of the desired discovery we find it unnecessary to consider this contention on its merits.

Let a writ issue commanding the respondent court to vacate its order filed July 11, 1967, here under review.

Files, P. J., and Jefferson, J., concurred.