[Civ. No. 34022.   Second Dist., Div. Five.   May 16, 1969.]

PACIFIC AUTOMOBILE INSURANCE COMPANY et al., Petitioners, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent; SANTA BARBARA COUNTY, Real Party in Interest.

Clausen, Gilliland & Fernandes and Charles E. Finney for Petitioners.

Dana D. Smith, Acting County Counsel, and Melbourne B. Weddle, Deputy County Counsel, for Respondent and for Real Party in Interest.

ALARCON, J. pro tem.*—This is a proceeding in mandamus to compel the Superior Court of Santa Barbara County to vacate and quash a subpoena duces tecum requiring production of documents in a discovery proceeding.

The proceeding arises out of an action filed by the County of Santa Barbara against petitioners and Raymond Ehrlich for money allegedly expended by the county for medical and related services rendered by the county to Ehrlich when he was injured in an accident with petitioner Lurie. In the first cause of action, based upon intentional interference with contract, it is alleged that Ehrlich is and was a person poor and unable to support himself, and in immediate need of support, and medically indigent with the exception of his assets in the form of a cause of action against Lurie arising from the injury proximately caused by Lurie; that, "In consideration of the medical services rendered and to be rendered as aforesaid, and in consideration of plaintiff's promise to forbear to sue said Raymond Ehrlich to recover the reasonable value of the care and services rendered to Raymond Ehrlich by plaintiff, as hereinabove stated, Raymond Ehrlich orally agreed that he would not release Tobart Richard Lurie and Does One through Doe Ten without the consent of the plaintiff in order that plaintiff might be reimbursed for medical services rendered as a direct and proximate result of the aforementioned automobile collision" and that in reliance upon said agreement plaintiff did forbear to sue said Ehrlich. It is further alleged that on or about October 28, 1966, Pacific Automobile Insurance Company and John C. McIntyre, and each of them, "with full knowledge of all of the foregoing facts hereinabove alleged, did fraudulently, knowingly, intentionally and maliciously persuade said Raymond Ehrlich to breach, repudiate and cancel the said oral contract and induce him to execute a release of all claims against Tobert Richard Lurie arising out of the aforementioned automobile collision." It is further alleged that Ehrlich would not have breached the said oral contract with plaintiff but for the wilful and fraudulent conduct of Pacific Automobile Insurance Company and John C. McIntyre; that Ehrlich did repudiate and cancel the said oral

---

*Assigned by the Chairman of the Judicial Council.

contract with plaintiff; that defendants "had no legal justification for these acts of interference with the aforementioned contractual relations between the plaintiff and Raymond Ehrlich."

The county alleges in its second cause of action that petitioners fraudulently conspired with Ehrlich to make a settlement of the latter's personal injury claim and thereby unlawfully interfered with an alleged fiduciary relationship between the county and Ehrlich.

In the third cause of action the county alleges that when it rendered medical services to Ehrlich as required by law it was subrogated to Ehrlich's claim against Lurie for the injuries arising out of the accident.

The county caused a subpoena duces tecum to be issued and served upon petitioner McIntyre requiring him to appear and attend a deposition and to produce all records and correspondence in his possession from himself to Pacific Automobile Insurance Company and from the insurance company to him, for the period of January 18, 1966, the date of the accident, to January 13, 1968, the date of the filing of the complaint, (a) regarding the accident and (b) relating to settlement negotiations with Raymond Ehrlich relative to said automobile collision.

Petitioners moved to quash the subpoena duces tecum, and for a protective order prohibiting the county from causing McIntyre[1] to produce his investigative file, contending that the declaration filed as an application for the subpoena is defective, in that (a) it does not state facts showing that the documents are material to the issues in the case; (b) it contains an insufficient showing of good cause for the production of the records; (c) it does not specify with particularity the documents to be produced. It was also contended that the documents which were in the possession of the attorneys for the insurance company and McIntyre were protected by the attorney-client privilege. The motions were denied, the trial court stating no grounds for its ruling.

Petitioners' claim that the declaration fails to show materiality to the *issues* is based upon language contained in Code of Civil Procedure, section 1985.[2] It has been held, however,

---

[1]Declarations filed in support of the motion show that McIntyre is a licensed private investigator-adjuster, and that he investigated the accident of January 18, 1966, involving Ehrlich and Lurie, at the direction of an agency of Pacific Automobile Insurance Company.

[2]Section 1985 provides in part: ". . . A copy of an affidavit shall be served with a subpoena duces tecum issued before trial, showing good

that when the subpoena power is invoked to secure discovery, the good cause and materiality requirements of Code of Civil Procedure, section 1985, must be governed by discovery standards. (*Shively* v. *Stewart*, 65 Cal.2d 475, 481 [55 Cal. Rptr. 217, 421 P.2d 65].) ■ "The objective is not merely the discovery of admissible evidence, but also effective preparation for trial. ■ Accordingly, whether discovery is sought by motion under section 2031 or by subpoena under section 1985, it is not necessary to show that the material sought will be admissible in evidence. (*Filipoff* v. *Superior Court*, 56 Cal.2d 443, 449 [15 Cal.Rptr. 139, 364 P.2d 315].)" (*Associated Brewers Distributing Co.* v. *Superior Court*, 65 Cal.2d 583, 587 [55 Cal.Rptr. 772, 422 P.2d 332].) ■ The county, accordingly, was not required to show the materiality of the requested matter to the *issues* involved in the case. Petitioners made no claim of the nonrelevancy of the documents to the *subject matter* of the pending action. In the absence of specific objections it must be assumed they were.

However, it was further incumbent upon the county to make a showing of good cause. Section 1985[3] imposes the requirement of an affidavit "showing good cause for the production of the matters and things described in such subpoena." Section 2036 provides: "(a) A party required to show 'good cause' to obtain discovery under any provisions of Chapter 2 (commencing with Section 1985) or of Article 3 (commencing with Section 2016) of Chapter 3 of this title, *shall show specific facts justifying discovery* and mere proof of the relevance of the information sought to the subject matter of the action shall not be sufficient. (b) The showing set forth in sub-division (a) of this section and any showing made in opposition thereto shall be made in the trial court prior to that court's determination of the matter." (Italics added.)

Construing this section, the Supreme Court in *Associated Brewers Distributing Co.* v. *Superior Court, supra,* states (pp. 586-587) : "Before section 2036 was enacted we held in *Greyhound Corp* v. *Superior Court*, 56 Cal.2d 355, 388 [15 Cal. Rptr. 90, 364 P.2d 266] that 'the good cause which must be

---

cause for the production of the matters and things described in such subpoena, specifying the exact matters or things desired to be produced, setting forth in full detail the materiality thereof to the issues involved in the case, and stating that the witness has the desired matters or things in his possession or under his control."

[3] All statutory references are to the Code of Civil Procedure unless otherwise specified.

shown should be such that it will satisfy an impartial tribunal that the request may be granted without abuse of the inherent rights of the adversary.' The trial court had discretion to determine that relevance to the subject matter alone constituted good cause. The history of section 2036 indicates that the legislative purpose was to prevent abuse of discovery by requiring the moving party to show that the documents sought to be produced for inspection will aid in his case. (See, Code Civ. Proc., § 2019, subd. (d).) The Legislature did not provide that the documents must be admissible in evidence, but only that the trial court be afforded the factual data necessary to make an informed ruling on the issues of good cause. It left to the courts the determination of what specific facts in addition to a showing 'of relevance of the information sought to the subject matter of the action' should be required to show 'good cause.' . . . The court's determination necessarily depends on the facts and issues of the particular case.''

In the declaration of the deputy county counsel filed in support of the subpoena duces tecum it is alleged that "Declarant is informed and believes, and upon such information and belief alleges, that John C. McIntyre has in his possession or under his control certain documents which are relevant and material to the complaint of Santa Barbara County herein, for the intentional interference with the contractual relationship of the County of Santa Barbara and Raymond Ehrlich.'' Then follows a description of the material to be produced as above set forth. Declarant then states: "At various stages in this controversy, the plaintiff has requested discovery and inspection of the records involving the collision between Tobert Richard Lurie and pedestrian Raymond Ehrlich on January 18, 1966, which records are pertinent to the issues in the intentional interference with the contractual relationship of the Pacific Automobile Insurance Company. At all times herein mentioned such right of inspection has been refused by said defendants or so narrowly circumscribed as to preclude the proper preparation of plaintiff's case for trial. . . . Each and all of the documents and records of Pacific Automobile Insurance Company and John C. MCIntyre, listed above constitute and contain evidence relevant and material to the subject matter involved in this action, and said documents and records are not privileged.''

It will be noted that in this declaration, the statement that McIntyre has the requested material in his posses-

sion or under his control is based only upon information and belief without any supporting facts (see, *Procter & Gamble Mfg. Co.* v. *Superior Court,* 124 Cal.App.2d 157, 161 [268 P.2d 199]); the allegations of subject-matter relevancy are but legal conclusions, stated in general terms (see, *McClatchy Newspapers* v. *Superior Court,* 26 Cal.2d 386, 396 [159 P.2d 944] and *Johnson* v. *Superior Court,* 258 Cal.App. 2d 829, 835-836 [66 Cal.Rptr. 134]); and the declaration is entirely devoid of any factual data necessary to allow the court to make an informed ruling on the issues of good cause. (*Associated Brewers Distributing Co.* v. *Superior Court, supra,* pp. 586-587.)

With respect to the required showing of good cause under section 2036, the court in *Johnson* v. *Superior Court, supra,* states (pp. 836-837): "By the mandate of this section good cause 'must now be articulated in any given case by an affirmative showing of specific facts justifying discovery.' (*Flora Crane Service, Inc.* v. *Superior Court,* 234 Cal.App.2d 767, 792 [45 Cal.Rptr. 79].) ▪ In *Associated Brewers Distributing Co.* v. *Superior Court,* 65 Cal.2d 583, 587 [55 Cal.Rptr. 772, 422 P.2d 332], in which the court settled the meaning of the 'good cause' requirement of section 2036, the court held on the authority of *Shively* v. *Stewart,* 65 Cal.2d 475 [55 Cal.Rptr. 217, 421 P.2d 65], that 'When the "subpoena power is invoked to secure discovery, the good cause and materiality requirements of Code of Civil Procedure section 1985 must be governed by discovery standards" ' . . . Neither *Shively* nor *Associated Brewers,* nor any other case called to our attention, dispenses with the factual showing required by section 1985 either as to good cause or as to materiality. On the contrary, both cases make it perfectly clear that, to secure discovery by use of a subpoena duces tecum, there must be a showing of more than a wish for the benefit of all the information in the adversary's files, and that the trial court must be afforded the factual data by the required affidavit to enable it to make an informed ruling on the issues of materiality and good cause."

▪ The underlying action is not one for personal injuries. In its cause of action for intentional interference with contract (which is the only cause of action mentioned in its declaration) the county must prove the existence of a valid contract; that defendants had knowledge of the existence of the contract and intended to induce a breach thereof; that the contract was in fact breached resulting in injury to plaintiff;

and that the breach and resulting damage were proximately caused by defendants' unjustified or wrongful conduct. (*Freed* v. *Manchester Service, Inc.,* 165 Cal.App.2d 186, 189 [331 P.2d 689].) With these elements in mind, it is clear that the need for McIntyre's entire investigative file covering the accident is not shown and, in fact, there is no affirmative showing of specific facts demonstrating that any of the material sought will aid the county in its case.

█ As stated in *Johnson* v. *Superior Court, supra,* 258 Cal.App.2d 829, 835: "The clear import of all the cases dealing with the subject is that a subpoena duces tecum has no force or effect if the affidavit required by section 1985 of the Code of Civil Procedure does not comply with the provisions of that section." █ Deficiencies in the required affidavit cannot be supplied by allegations of facts in this court. █ It is our conclusion that the county's application failed to meet the statutory requirements.

█ Petitioners also contend that the application fails to sufficiently identify the material to be produced. This matter is discussed in *Flora Crane Service, Inc.* v. *Superior Court,* 234 Cal.App.2d 767, 785-787 [45 Cal.Rptr. 79]: "As noted above, it was incumbent upon petitioner to 'specify the exact matters or things desired to be produced' (§ 1985). In *Union Trust Co.* v. *Superior Court,* 11 Cal.2d 449, 458 [81 P.2d 150, 118 A.L.R. 259], which was decided before the recent Discovery Act and dealt with a motion under former section 1000, the court said: 'It is apparent that, in reason, all that should be required of a party litigant in his endeavor to obtain an inspection of records which are pertinent to his cause and which he is or should be entitled to examine, is that in his attempt to do so, he describe them with such certainty only as will or should reasonably apprise his legal opponent, or the custodian of such records, of that which may be desired. . . . Whether the description of records is sufficient to inform their custodian of that which is desired, presents a question merely of whether under the circumstances and situation generally, considered in the light of reason and common sense, he ought to recognize and be able to distinguish or identify the particular thing that is required.' *West Pico Furniture Co.* v. *Superior Court, supra,* 56 Cal.2d 407, 419-420 [15 Cal.Rptr. 119, 364 P.2d 295], arising under the new discovery statutes . . . declared: 'Inspection may not be had without adequate identification of the document sought to be inspected. This was the rule prior to the present discovery statutes (*Union*

*Trust Co.* v. *Superior Court,* 11 Cal.2d 449, 458 [81 P.2d 150, 118 A.L.R. 259]), and such is the rule under the present act (see, discussion, 2 DeMeo, California Deposition and Discovery Practice, § 10.10, p. 141).' We see no good reason why the above standards of identification for inspection under former section 1000 and production under its successor statute section 2031 should not be deemed applicable where production of books and documents is compelled by a subpoena duces tecum. . . . However, requisite identification may be defeated by generality of description. As a result, identification may be inadequate in the light of the above rules when the books and documents sought to be produced are designated by or included within a so-called omnibus description. [Citations.] The unlimited characteristics of such a description may impair or destroy exactitude so that the custodian of the records is not reasonably apprised of what he must produce.''

In *Shively* v. *Stewart, supra,* 65 Cal.2d 475, accusations were filed against petitioners, licensed physicians, stating that they aided, abetted, attempted and performed criminal abortions on named women. Petitioners sought to subpoena from the Executive Secretary of the State Board of Medical Examiners (1) statements taken from the women named in the accusations and from their husbands describing their care and treatment; (2) copies of petitioners' bills, letters, and documents with respect to the treatment given the women; and (3) reports and documents gathered by investigators and employees of the board. In the affidavits in support thereof, petitioners declared that at the hearing the mental and physical condition of the women, the intentions and acts of petitioners, and the necessity of the surgical procedures would be in issue; they also stated that they did not have copies of the bills, letters and documents referred to as item two. The court held that petitioners were clearly entitled to prehearing discovery of items one and two. With respect to item three, the court stated that ''the applicable rule is that to secure discovery, there must be a showing of more than a wish for the benefit of all the information in the adversary's files. [Citations.] Accordingly, in the absence of some additional showing of need and specificity, petitioners are not entitled to discovery of all of the reports and documents gathered by investigators and employees of the board.'' (P. 482.)

Although literal accuracy cannot be expected in the description of a paper in the possession of the adverse party (*Burke* v. *Table Mountain Water Co.,* 12 Cal. 403), the mov-

ing party here made no attempt to specify any particular documents or records, or their contents. In our opinion, the request for *all* correspondence, records and documents was too broad (see, *McClatchy Newspapers* v. *Superior Court, supra*, p. 396; *Flora Crane Service, Inc.* v. *Superior Court, supra*, p. 787; *Nelson* v. *Superior Court*, 9 Cal.2d 729, 732 [73 P.2d 232]; *Embassy Realty Associates, Inc.* v. *Southwest Products Co.*, 126 Cal.App.2d 725, 732 [272 P.2d 899]; *Arenson* v. *National Auto. & Cas. Ins. Co.*, 48 Cal.2d 528, 540-541 [310 P.2d 961]). In the absence of some additional showing of need and specificity, the county is not entitled to discovery of all of the correspondence, or all of the reports and documents gathered by the investigator, McIntyre. (*Shively* v. *Stewart, supra.*) However, the county is not precluded from pursuing other discovery procedures to secure the necessary information in order to make this additional showing. (*Shively* v. *Stewart, supra*, 65 Cal.2d 475, 482; *Union Oil Co.* v. *Superior Court*, 151 Cal.App.2d 286, 293 [311 P.2d 640]. See also, *West Pico Furniture Co.* v. *Superior Court*, 56 Cal.2d 407, 419-420 [15 Cal.Rptr. 119, 364 P.2d 295].)

An order made without the showing required by the statutes is beyond the jurisdiction of the court (see *Greyhound Corp.* v. *Superior Court*, 56 Cal.2d 355, 388 [15 Cal. Rtpr. 90, 364 P.2d 266]), and the subpoena duces tecum must be quashed.

In view of the above conclusion, it is not necessary to determine the merits of the claim of "privileged communications," nor would it be appropriate in the present state of the record. The privilege is asserted as to everything contained in the broad request of the subpoena. Obviously, the investigative file consists of various types of material. Not all information gathered by an investigator and communicated to an attorney comes within the attorney-client privilege. (See *Suezaki* v. *Superior Court*, 58 Cal.2d 166, 174-177 [23 Cal. Rptr. 368, 373 P.2d 432, 95 A.L.R.2d 1073]; *San Diego Professional Assn.* v. *Superior Court*, 58 Cal.2d 194, 201-202 [23 Cal.Rptr. 384, 373 P.2d 448, 97 A.L.R.2d 761]; *D. I. Chadbourne, Inc.* v. *Superior Court*, 60 Cal.2d 723, 726-737 [36 Cal.Rptr. 468, 388 P.2d 700].) Should the county decide to make its application anew, any question of the application of the attorney-client privilege will have to be made upon the basis of the particular items or type of material then requested to be produced.

Let a writ of mandate issue requiring respondent court to

vacate its order in action number 78504, denying the motion of petitioners to quash the subpoena duces tecum served on petitioner John C. McIntyre and to enter its order granting said motion and quashing said subpoena. To the extent that the petition seeks other relief herein, the alternative writ of mandate is discharged and the petition for a peremptory writ is denied.

Kaus, P. J., and Reppy, J., concurred.