[Civ. No. 59704. Second Dist., Div. Four. Feb. 23, 1981.]

BENJAMIN CIVILETTI, as Attorney General, etc.,
Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
JOHN MONICA, Real Party in Interest and Appellant.

106

COUNSEL

Barry Tarlow and Richard Fannan for Real Party in Interest and Appellant.

Andrea Sheridan Ordin, United States Attorney, Frederick M. Brosio, Jr., and Michael E. Wolfson, Assistant United States Attorneys, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

EARLY, J.*—John Monica, defendant in a pending murder case, appeals from a judgment of the superior court ordering that a writ of mandate issue directing the municipal court to quash the service of a personal subpoena and of a subpoena duces tecum upon Griffin Bell, then Attorney General of the United States, requiring him to appear personally in the municipal court and to produce documents which both parties assume in their briefs to consist of official records of the United States Department of Justice. On February 6, 1979, Attorney General Bell filed a motion in the municipal court to quash both subpoenas. On June 4, 1979, the municipal court issued a tentative decision denying the motion and requiring compliance with the subpoenas by July 20, 1979.

On July 3, 1979, Attorney General Bell filed a petition to remove the subpoena matter to the United States District Court for the Central District of California pursuant to 28 United States Code section 1442(a)(1). On August 16, 1979, Attorney General Griffin Bell resigned and was replaced by Benjamin Civiletti who, of course, has now been replaced by William French Smith. On October 9, 1979, the United States District Court ordered the Bell subpoenas remanded to the state court. On January 21, 1980, reconsideration of this order was denied.

On March 3, 1980, former Attorney General Griffin Bell filed further motions in the municipal court to quash the subpoenas on addi-

*Assigned by the Chairperson of the Judicial Council.

tional grounds. On March 10, 1980, defendant Monica filed in the same court a motion to substitute Attorney General Civiletti for former Attorney General Bell on both subpoenas. Both motions were heard together on March 17, 1980. The court ruled that the subpoenas were enforceable against Attorney General Civiletti and substituted Mr. Civiletti for Mr. Bell on each subpoena. Attorney General Civiletti was then required to comply with those subpoenas on July 21, 1980, or show cause why he should not be held in contempt.

On April 16, 1980, Attorney General Civiletti filed a petition for a writ of mandate in the superior court asking that the subpoenas be ordered quashed. After hearing, on May 23, 1980, the superior court ordered both subpoenas to be quashed. This appeal followed.

The municipal court having substituted Mr. Bell out on the motion of the defendant and the real party in interest, former Attorney General Bell is no longer subject to either of the subject subpoenas and is not a party to these proceedings.

■ Appellant contends that mandate was not the appropriate remedy in the superior court, arguing that Mr. Civiletti had an adequate remedy at law by refusing to comply with the subpoenas and thereafter appealing any order holding him in contempt. The precedents are to the contrary. Mandamus to a court to compel it to quash a subpoena duces tecum has traditionally been recognized as the appropriate remedy. (*State Board of Pharmacy v. Superior Court* (1978) 78 Cal. App.3d 641 [144 Cal.Rptr. 320]; *Pacific Auto. Ins. Co. v. Superior Court* (1969) 273 Cal.App.2d 61 [77 Cal.Rptr. 836]; and *Proctor & Gamble Co. v. Superior Court* (1954) 124 Cal.App.2d 157, 162 [268 P.2d 199].)

In *United States v. McLeod* (5th Cir. 1967) 385 F.2d 734 at page 752, the opinion quotes with approval from *United States v. Owlett* (M.D.Pa. 1936) 15 F.Supp. 736 at page 743 as follows: "The suggestion that federal employees could refuse to obey the subpoenas, or seek relief by habeas corpus from imprisonment for disobedience, is no relief. Although these remedies might in a measure protect the individuals, they do not in any degree protect the United States of America from an invasion of its sovereignty or from vexatious interruptions of its functions."

With regard to the documents sought by the subpoena duces tecum, it is well established that they could not be obtained by appellant from any subordinate officer of the Attorney General of the United States nor from any employee of the United States Department of Justice in the face of an order from the Attorney General prohibiting their disclosure.

Title 5 United States Code section 301 authorizes "The head of an Executive department . . . [to] prescribe regulations for the government of his department, the conduct of its employees, . . . and the custody, use, and preservation of its records, papers, and property." Title 28 Code of Federal Regulations section 16.22 provides that "No employee . . . of the Department of Justice shall, in response to a demand of a court or other authority, produce any material contained in the files of the Department or disclose any information relating to material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of his official duties or because of his official status without prior approval of the . . . Attorney General . . . ." Such orders are valid and have the force of federal law. (*Touhy* v. *Ragen* (1951) 340 U.S. 462 [95 L.Ed. 417, 71 S.Ct. 416]; *Boske* v. *Comingore* (1900) 177 U.S. 459, 467-470 [44 L.Ed. 846, 849-850, 20 S.Ct. 701]; *People* v. *Parham* (1963) 60 Cal.2d 378, 381 [33 Cal.Rptr. 497, 384 P.2d 1001].)

█   The status of the Attorney General himself was not before the court in *Touhy* v. *Ragen, supra,* 340 U.S. at page 467 [95 L.Ed. at page 421], nor in any other case involving subpoenas. However, an attempt to compel compliance with either subpoena by the Attorney General founders like the Titanic on the hard rock of sovereign immunity. █   That doctrine is not restricted to actions to which the United States itself is a party. It extends to officials of the federal government when they act as agents of the United States. (*Hawaii* v. *Gordon* (1963) 373 U.S. 57, 58 [10 L.Ed.2d 191, 192, 83 S.Ct. 1052]; *Larson* v. *Domestic & Foreign Corp.* (1949) 337 U.S. 682, 687-688 [93 L.Ed. 1628, 1634-1635, 69 S.Ct. 1457].) █   The general rule is that a suit is against the sovereign if the effect of the court order sought would be to compel the federal government to act or would "interfere with the public administration." (*Dugan* v. *Rank* (1963) 372 U.S. 609, 620 [10 L.Ed.2d 15, 23, 83 S.Ct. 999].)

█   The facts herein do not fall within either of the two recognized exceptions to this rule. "Those exceptions are (1) actions by officers

beyond their statutory powers and (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void." (*Dugan* v. *Rank, supra,* 372 U.S. at pp. 621-622 [10 L.Ed.2d at pp. 24-25]; *Malone* v. *Bowdoin* (1962) 369 U.S. 643, 647 [8 L.Ed.2d 168, 171, 82 S.Ct. 980].)

█ The doctrine of sovereign immunity prohibits any sort of judicial action against the United States in the absence of its consent, a consent usually manifested by legislation. █ No such consent is asserted herein.

Regarding "'the power . . . to issue subpoenas to compel the attendance of witnesses and the production of documents, and to punish by fine and imprisonment'" in *United States* v. *McLeod, supra,* 385 F.2d at page 752, the opinion notes that "'When this power is asserted by a state sovereignty over the federal sovereignty, it is in contravention of our dual form of government and in derogation of the powers of the federal sovereignty. The state having the power to subpoena may abuse that power . . . . This power could embarrass, impede, and obstruct the administration of a federal agency.'"

Benjamin Civiletti is not charged in the record herein with any personal knowledge of the facts sought by appellant. It would be an absurdity to substitute him for Mr. Bell on the subpoena to appear and testify with regard to matters within the latter's personal knowledge. █ A highly placed public officer should not be required to respond to a personal subpoena in his official capacity in the absence of compelling reasons. (*Weir* v. *United States* (8th Cir. 1962) 310 F.2d 149, 154-155; *State Board of Pharmacy* v. *Superior Court, supra,* 78 Cal.App.3d at pp. 644-645.) █ No clear showing has been made that the presence of the Attorney General of the United States is essential to prevent prejudice or injustice to the appellant. In the absence of such a showing a different ruling by the superior court on the motion to quash the personal subpoena would have been an abuse of judicial discretion.

The judgment granting the petition for writ of mandate is affirmed.

Files, P. J., and Woods, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1981.